In the Matter of the Estate of CORNELIA ZOLESSI, Deceased.

Surrogate's Court, Bronx County, January 26, 1935.

*Benjamin Jaffe,* for the petitioner.

*Seacord, Ritchie & Young [Albert Ritchie* and *Frederick H. Seacord, Jr.,* of counsel], for the executors.

HENDERSON, S. The surviving husband seeks a decree directing the executors of his wife's will to set apart for him so much of the personalty which belonged to the testatrix as became his property under the provisions of section 200 of the Surrogate's Court Act.

The executors deny that the decedent had a family immediately prior to her death, within the meaning of that statute, and further contest the application on the ground that the petitioner "never contributed to the support and maintenance of his wife during her lifetime, and sometime prior to her death willfully and without just cause left and abandoned the said testatrix and failed and neglected to do or perform any of the duties as her husband thereafter."

In March, 1932, the testatrix, then a widow residing upon premises in which she was endowed and the recipient of income from an *inter vivos* trust approximating $400 monthly, married the petitioner, then employed by her as her chauffeur, who never made any material contribution to the household expenses. In May, 1934,

the petitioner's stepson struck him after he had said his wife was a liar in reply to his stepson's statement that she had told the stepson that the petitioner had struck her. During an ensuing argument as to whether the striking of the decedent was just in fun and a "love tap" or a severe and harmful blow, the stepson told the petitioner to get out of the house and stay out and the decedent also told him to leave. The petitioner left and never returned to his wife's home, although he subsequently caused a lawyer to send her a letter offering a reconciliation which never took place. The decedent's surviving children were all adults and the issue of her former marriage.

The determination of this contested application depends upon the answers to certain questions.

1. If a husband abandons his wife or fails to provide for her during a period terminating with her death, is his wife, there being no minor child, "a person having a family" at the time of her death within the meaning of the quoted term as used in the statute?

2. If the answer to the first question is in the affirmative, does such abandonment or failure to provide affect the husband's statutory right to the personalty enumerated in the statute?

3. If the answer to the second question is in the affirmative, did the petitioner abandon the decedent or so fail to provide for her support as to effect such right?

It has been held that a husband who had lived apart from his wife for ten years prior to his death in 1889, and had not contributed to the support of his wife for eight years, or of his daughter after her majority, which she attained three years prior to his death, died having a family and that his widow was entitled to an inventory as prescribed in the statute as it stood at the date of his death. (Code Civ. Proc. § 2713; *Matter of Shedd*, 60 Hun, 367; affd. on opinion below, 133 N. Y. 601.) In 1914 the Code of Civil Procedure was revised and the statute was amended to read, in so far as now material, as it exists to-day and renumbered. (Code Civ. Proc. § 2670.) Since such revision, it has been held that where a husband and wife, having no children, lived apart, though not legally separated, the wife at the time of her death was a person "having a family" within the meaning of that statute and her surviving husband was entitled to an inventory setting aside for him the exemptions specified in the statute. (*Matter of Osborn*, 220 N. Y. 595.)

The latest decision of our Court of Appeals concerning this question approved the decisions in the above-cited cases and stated that in the cited cases "there was no provision made as to the manner in which the husband should carry out his obligation to support

his wife and no agreement, by either party, to renounce any claim against the estate of the other." (*Matter of Burridge*, 261 N. Y. 225.) In that case it was expressly held that while a husband and wife may agree upon the manner in which shall be performed the rights and obligations which the law affixes to the marriage contract and which, in general, constitute the foundation of the family, they cannot destroy such obligations; that the marriage creates a family bond severable only by judicial decree; that husband and wife constitute a " family," in that sense, so long as the marriage continues in existence no matter how loose the bond has become, and that husband and wife constitute a family so long as the marital rights and obligations continue, regardless of agreement, express or implied, between them as to the manner in which those obligations shall be performed. The determination that the widow was not entitled to the statutory exemptions was based solely on her agreement to accept a stipulated provision for her support during her life from her husband and his estate in lieu of " all other claim and provision for her support " as well as in lieu of her dower right, whereby, it was held, she voluntarily relinquished her right to claim the exemptions.

Neither the present petitioner nor the decedent waived any right in the other's estate. I expressly hold that the decedent had a family at the time of her death, within the meaning of the statute, and the first question must be answered in the affirmative.

The Legislature has justly denied to a survivor who had abandoned a deceased spouse, any right to a distributive share in the latter's intestate property (Dec. Est. Law, § 87, ¶¶ c and d) or to elect to take against the latter's will. (Dec. Est. Law, § 18, subds. 4 and 5.) Such rights are also denied a surviving husband who had neglected or refused to provide for his deceased wife. (Dec. Est. Law, § 18, subd. 4; § 87, subd. c.)

However, the statutory right of the surviving spouse to the absolute ownership and possession of certain personalty which had belonged to the deceased spouse at the time of the latter's death (Surr. Ct. Act, § 200) has not been abridged in so far as the question of abandonment and support are concerned. The omission to include similar restrictions upon the right granted by the last cited statute during the recent amendments of the laws affecting the distribution of a decedent's estate, must be deemed intentional. Even were it the result of oversight or neglect, I have no power to supply the omission or to remedy the effect of the neglect.

I, therefore, hold that neither abandonment nor failure to provide affects a surviving husband's rights under the particular statute

relating to family exemptions, and the answer to the second question must be in the negative.

My determinations of the first and second questions renders unnecessary any finding as to the third question. Had my conclusion, either as to the legislative intent in using the term " having a family " or as to the effect of abandonment or failure to provide upon a surviving husband's right to the statutory exemptions, been otherwise the result would remain unchanged. Upon the evidence before me, I cannot find that the petitioner abandoned the decedent or that his failure to support her was due to inexcusable neglect or refusal.

In arriving at my conclusions I have considered the recent decisions of two surrogates which hold that under certain circumstances, an abandonment may be such as to sever the family bonds to the extent that the abandoned spouse may no longer be deemed " a person having a family " as that term in the above-mentioned statute should be construed. (*Matter of Sitkin*, 151 Misc. 448, 459; *Matter of Barnes*, 149 id. 149, 152 *et seq.*)

The application is granted and the executors will be directed to pay the petitioner the sum of $115.82, which is the amount of money in excess of the funeral bill paid by the executors, and to deliver to him all the articles of personalty mentioned in the estate tax schedules and therein valued in the aggregate at $305, exclusive of the three paintings therein mentioned, as to which there is no evidence that they belonged to the family of the testatrix and this petitioner.

Settle decree.