## In the Matter of the Estate of MARTHA GLUER, Deceased.

Surrogate's Court, Lewis County, April 8, 1935.

*Williams, Sammis & Williams*, for the executor.

*Frank Bowman*, for the husband, Robert Gluer.

MORAN, S. Martha Gluer died on March 1, 1934, leaving a last will and testament dated April 29, 1924, to which she added a codicil on the 20th day of October, 1931. In neither the will nor the codicil was any provision made for her husband. She left no parents or descendants but only her husband, a sister and nephews and nieces. Her estate is solvent, consisting of about $650 in personal property and $1,500 in real estate.

The issues involved in this matter are here on a stipulated statement of facts, from which it appears that the last will and

testament and the codicil thereto made by the decedent were duly admitted to probate in the Lewis County Surrogate's Court on the 28th day of April, 1934, and letters testamentary issued to John Zehr. The husband of decedent, Robert Gluer, duly executed and filed a waiver of service of citation for the probate of the will and codicil of the decedent. Decedent and her husband, Robert Gluer, were married approximately thirty-eight years; they lived and cohabited together as husband and wife for about eighteen years after their marriage, at which time they separated and thereafter continued to live apart and never cohabited as husband and wife covering a period of approximately twenty years prior to decedent's death, nor during that time did they associate together. The husband, Robert Gluer, did not contribute to the support of the decedent during the time that they lived separate and apart. No separation agreement or action for a divorce was ever had or instituted between the parties.

Upon the stipulated statement of facts there are three questions at issue in this proceeding, namely:

1. Would the making and execution of the codicil to the decedent's will constitute a republication thereof?

2. If the making and execution of the codicil to decedent's will did constitute a republication thereof, is the surviving husband of the decedent entitled to elect to take his share in decedent's estate as in intestacy, as provided in section 18 of the Decedent Estate Law?

3. Is the surviving husband, Robert Gluer, entitled to take under, and to the benefits, of section 200 of the Surrogate's Court Act?

Question 1 must be answered in the affirmative. The making and execution of the codicil dated October 20, 1931, constituted a republication of the decedent's will and made it speak from the new date. Therefore, the husband, Robert Gluer, may avail himself of the provisions of the statute unless the facts bring him within the limits, conditions or exceptions therein specified. (*Matter of Greenberg*, 261 N. Y. 474; *Matter of Smith*, 243 App. Div. 348.)

Question 2 must be answered in the negative. The decedent died on the 1st day of March, 1934. Her will and codicil were admitted to probate in the Surrogate's Court of Lewis county on the 28th day of April, 1934. No election to take under the provisions of section 18 of the Decedent Estate Law has been filed as provided by subdivision 7 of section 18. The husband, Robert Gluer, having failed to file his notice of election as required within the period allowed, his right to participate in the estate of decedent under section 18 of the Decedent Estate Law must be deemed to have lapsed. (*Matter of Zweig*, 145 Misc. 839.)

In answering question 3, as to whether or not Robert Gluer, the surviving husband, is entitled to take under, and to the benefits, of section 200 of the Surrogate's Court Act, I have considered the four cases recently decided on this point by various surrogates of the State, namely: *Matter of Barnes* (149 Misc. 149); *Matter of Sitkin* (151 id. 448); *Matter of Fesenmeyer* (decided by Surrogate SADLER, Onondaga county, unreported), and *Matter of Zolessi* (154 Misc. 313). There is no proof before this court to show that Robert Gluer ever abandoned his wife, Martha Gluer. The stipulated facts are: That they were married approximately thirty-eight years prior to her death and lived and cohabited together as husband and wife for approximately eighteen years thereafter, at which time they separated and thereafter continued to live apart from each other for a period of approximately twenty years; that Robert Gluer never contributed or furnished support to the decedent since the time of their separation.

I can find no connection between the provisions of section 200 of the Surrogate's Court Act and sections 18 and 87 of the Decedent Estate Law. The omission of the Legislature to include the restrictions in section 200 of the Surrogate's Court Act which it placed in sections 18 and 87 of the Decedent Estate Law must be deemed to have been intentional.

The language of the court in *Matter of Burridge* (261 N. Y. 225, at p. 227), " Doubtless the marriage ceremony creates a family bond which can be severed only by judicial decree; in that sense husband and wife constitute a ' family ' so long as the marriage continues in existence," is so plain that I must say here that the decedent died having a family. (*Matter of Shedd*, 60 Hun, 367; *Matter of Osborn*, 220 N. Y. 595; *Matter of Zolessi*, 154 Misc. 313.)

It, therefore, follows that the household furniture, inventoried at $178.35, which remains on hand according to the account filed by the executor herein, be turned over to the surviving husband, Robert Gluer, and that the sum of $300 be set aside to the husband, Robert Gluer, pursuant to the provisions of subdivision 4 of section 200 of the Surrogate's Court Act.

Let decree be entered accordingly.