In the Matter of the Estate of LENA SACHS, Deceased.

Surrogate's Court, Kings County, April 18, 1935.

*Herman & Ernst*, for the petitioner.

*Milton Rosenblum* [*Louis Engelberg* and *Milton Rosenblum* of counsel], for the respondent.

WINGATE, S. Respondents argue that section 18 of the Decedent Estate Law, in so far as it is sought to be applied to the present situation, is unconstitutional in that it violates article I, section 10, clause 1, of the Constitution of the United States of America. In

this, respondents have overlooked entirely one important subdivision of section 18, subdivision 9 thereof, reading as follows: " The husband or wife during the lifetime of the other may waive the right of election to take against a particular last will and testament by an instrument subscribed and duly acknowledged, or may waive such right of election to take against any last will and testament of the other whatsoever in an agreement so executed, made before or after marriage. An agreement so executed made before the taking effect of this section wherein a spouse has waived or released all rights in the estate of the other spouse shall be deemed to release the right of election granted in this section." These provisions squarely meet the contention of unconstitutionality and reduce the present consideration to a determination as to whether the husband-petitioner by the execution between decedent and himself of the agreement of separation dated March 27, 1929, " waived or released all rights in the estate " of the decedent.

Intentionally and deliberately he did not. It is true, as indicated in the brief of respondents, that the agreement of March 27, 1929, contained stipulations to the effect that the parties should live separate and apart and free from interference, authority and control by the other, as fully as if he or she were sole and unmarried; that each might engage in business or enter into employment for his or her own, sole or separate use and benefit without and free from any control, restraint or interference direct or indirect by the other party, or in all respects as if each were unmarried; and similar covenants of like import. That these provisions, however, were not deemed by either of the signatories as tantamount to a " waiver or release " of all rights in the estate of the other, not only is evident from consideration of the potent meaning of the language therein employed, but becomes an inescapable conclusion upon a study of the further provisions of the agreement. Petitioner agreed to transfer certain specified property to decedent simultaneously with the execution of the agreement. This was done. He further agreed that she should retain that " movable personal property now in her possession, independently of any claim or right " of the petitioner. In consideration thereof, decedent " released and discharged " petitioner from all claims and causes of action of every description. No similar release was executed by petitioner in favor of decedent, nor can any be implied without a manifest distortion of expressed intent.

Respondents further contended that petitioner has forfeited his statutory right of election by reason of subdivision 4 of section 18. " No husband who has neglected or refused to provide for his wife, or has abandoned her, shall have the right of such an election."

No neglect or refusal to provide has been shown, nor is there any demonstration of abandonment. The parties separated under agreement whereby petitioner, in lieu of periodic payments for the support of decedent, made present stipulated conveyances. That such an agreement is valid in the absence of fraud or unconscionable conduct, and does not constitute an abandonment, is well established. (*Matter of Sitkin,* 151 Misc. 448, at p. 452.) (See, also, *Matter of Stolz,* 145 id. 799; *Matter of Brown,* 153 id. 282.) There is no proof of abandonment.

It follows, in view of the above determination and the decision of *Matter of Zolessi* (154 Misc. 313) and cases therein cited, that petitioner is entitled to those exemptions enumerated in section 200 of the Surrogate's Court Act for the benefit of the husband of one who dies " having a family."

The right of petitioner to maintain the instant proceeding is, therefore, established.

The remaining question is whether an accounting should be required of the respondents at this time. It appearing that a substantial portion of the assets of the estate is in litigation, the application will be denied without prejudice to a renewal upon demonstration of altered situation.

An application on behalf of petitioner under either section 200 or section 217 of the Surrogate's Court Act will be entertained.

Proceed accordingly.