In the Matter of the Estate of DAISY MAY BENNETT, Deceased.

Surrogate's Court, Madison County, April 10, 1942.

*Frank R. Lennox*, for Louis C. Bennett, husband of deceased.

*R. D. Woolsey*, for the heirs.

CAMPBELL, S. Daisy M. Bennett died on or about the 22d day of January, 1942, leaving three children, also a husband, Louis C. Bennett.

On the 11th day of February, 1939, a decree of separation was granted by the Supreme Court of the State of New York, in which decedent was the plaintiff and Louis C. Bennett, the husband, the defendant.

On a stipulated set of facts the surrogate is asked to determine whether or not the husband is entitled to his distributive rights in the wife's estate.

Section 87 of the Decedent Estate Law specifically provides the exceptions when a spouse is entitled to share in the estate of a decedent. A separation between husband and wife, whether by decree or written agreement, is not one of them. Such a decree does not alone deprive the spouse of his intestate share.

In case of election by the surviving spouse it is different. Subdivisions 3 and 9 of section 18 of the Decedent Estate Law bear upon this question. Subdivision 3 provides that right of election shall not be available to the spouse where a final judgment of

separation recognized by the laws of the State has been rendered against him or her. Subdivision 9 of the same section provides that the right of election may be waived by an instrument in writing subscribed and duly acknowledged.

If the Legislature had intended that where there is a final decree of separation the surviving spouse should be deprived of his or her distributive share, it would have so stated, as it did in defining the right of an election.

Apparently the effect of the Decedent Estate Law is that where there has been a decree of separation the decedent may deprive a surviving spouse of his or her share by a valid testamentary provision, but where the husband or wife dies intestate the surviving spouse is entitled to his distributive share, even though there is a decree of separation, if no other question is involved.

Subdivision (c) of section 87 of the Decedent Estate Law denies the husband the right of distribution if he has neglected or refused to provide for his wife. However, it is specifically stated in the decree of separation in this case that her husband did provide for her. It reads as follows: " * * * and it having been stipulated by the Attorneys for the respective parties that the defendant has made substantial and adequate financial provision for the support and maintenance of his wife, which includes the deeding of their home to said plaintiff, together with household furniture and an automobile; and said parties having both agreed to said provisions for care and maintenance; and the defendant having executed the necessary instruments for the transfer of said property."

I have been unable to find any case directly in point where a decree of separation was considered, nor has any such case been called to my attention. However, the law involving separation agreements has been discussed by the courts in several cases. In these cases upon which the courts have passed provisions were contained in the separation agreements for the support and maintenance of the wife and the question whether or not the surviving husband had waived his exemption or distributive share in the estate was involved. (*Matter of Sachs*, 155 Misc. 233; affd., 246 App. Div. 546; *Matter of Sitkin*, 151 Misc. 448; *Matter of Tankelowitz*, 162 id. 474; 2 Butler on N. Y. Surr. Law & Prac. § 1577, p. 419.)

I believe the reasoning applied in these cases is applicable here as to the effect of a final decree of separation being involved. We find no grounds for a distinction and especially in this case where the parties agreed upon the transfer of certain property for the support and maintenance of the wife.

Consequently the surviving husband is entitled to his distributive share in the estate.