[S. F. No. 5944.   Department One.—January 27, 1912.]

In the Matter of the Estate of PATRICK KIRBY, Deceased. JAMES KIRBY, Appellant.

ESTATES OF DECEASED PERSONS—RIGHT OF SUCCESSION—CONVICTION OF MANSLAUGHTER DOES NOT TAKE AWAY RIGHT OF SUCCESSION.—Section 1409 of the Civil Code, providing that "no person who has been convicted of the murder of the decedent shall be entitled to succeed to any portion of his estate," cannot be construed so as to take away the right of succession from a person who has been convicted of the crime of manslaughter in killing the decedent.

ID.—DEFINITION OF WORD "MURDER."—The word "murder," as used in such section, has the technical meaning given it in the definition embodied in section 187 of the Penal Code.

ID.—CONTROL OF LEGISLATURE OVER RIGHT OF INHERITANCE.—The right of inheritance in this state is a matter entirely in the control of the legislature and depends wholly upon the provisions of the statutes, regardless of the court's notions of natural right and justice.

APPEAL from an order of the Superior Court of the City and County of San Francisco distributing the estate of a deceased person. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, and Theo. J. Roche, for Appellant.

Cullinan & Hickey, for Respondent.

SHAW, J.—This is an appeal from a final order of distribution of the estate of Patrick Kirby, deceased.

Patrick Kirby died intestate on January 18, 1910, leaving neither wife, issue, father nor mother surviving. His surviving heirs, according to section 1386 of the Civil Code, were two brothers, Michael and James Kirby, one sister, Bridget Mannion, and the children of Ellen Daly, a deceased sister. On December 1, 1910, Michael Kirby transferred his interest in Patrick's estate to one James Kirby, a son of said Michael. Said James Kirby is the appellant herein. On February 23, 1910, Michael Kirby was duly charged by information, in the superior court of the city and county of San Francisco, with the murder of said Patrick Kirby. On July 1, 1910, he was, upon said charge, convicted of the crime of manslaughter. An appeal was taken from the judgment of conviction and it has been affirmed and has become final. Because of this conviction, the court below refused to distribute the share of Michael Kirby to his assignee, James Kirby, and distributed the entire estate to the other persons above mentioned. It is claimed that this was error.

By section 1386, if a person dies intestate, leaving neither issue, husband nor wife, father nor mother surviving, his estate goes to his brothers and sisters, and to the children or grandchildren of any deceased brother or sister by right of representation. An exception to this rule is declared by section 1409, a new section added to the same title in 1905. It is as follows:—

"No person who has been convicted of the murder of the decedent shall be entitled to succeed to any portion of his estate; but the portion thereof to which he would otherwise be entitled to succeed descends to the other persons entitled thereto under the provisions of this title."

If Michael Kirby was not "convicted of the murder" of Patrick Kirby, within the meaning of this section, then James Kirby, the assignee of Michael, is entitled to succeed to one fourth of the estate. What, then, is the true meaning of the words last quoted?

"Words and phrases are construed according to the context and approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, or are defined in the succeeding section, are to be construed according to such peculiar and appropriate meaning or definition." (Civ. Code, sec. 13.)

The word "murder" is a technical word. It not only has acquired a peculiar and appropriate meaning in the law of this state, and in the law generally, but it has been precisely defined by our statute. The Penal Code defines it as follows: "Murder is the unlawful killing of a human being, with malice aforethought." (Sec. 187.) It is divided into two degrees, the first degree including all premeditated, willful and deliberate murders, and all killing done in the perpetration or attempt to perpetrate certain lesser crimes, the second including all other kinds of murder. (Sec. 189.) Murder of the first degree is punishable by death or imprisonment for life; murder of the second degree by imprisonment not less than ten years. In ordinary usage and at common law the word has the same meaning. (Webster's Dic.; 1 Wharton on Criminal Law, sec. 303.)

The word "manslaughter," whether in common usage, at common law, or by our statute, has a very different meaning. The Penal Code, (section 192,) defines it as "the unlawful killing of a human being, without malice," and declares it to be of two kinds: 1. "Voluntary—upon a sudden quarrel or heat of passion"; 2. "Involuntary—in the commission of an unlawful act not amounting to felony; or in the commission of a lawful act, which might produce death, in an unlawful manner, or without due caution and circumspection." The meaning at common law and in ordinary usage is substantially the same. (See Webster's Dic.; 1. Wharton on Criminal Law, secs. 304, 305.) It will be noted that it excludes the element of deliberation and premeditation.

With relation to each other, the provisions of the four Codes must be construed as though they were all parts of the same statute. (Pol. Code, sec. 4480.) From these rules and definitions the conclusion necessarily follows that a conviction of manslaughter is not a conviction of murder. It is a conviction of a different offense, an offense which does not include all the criminal elements of the crime of murder. The distinction has indeed been carried so far that it is well settled that a conviction of manslaughter upon a charge of murder, is, in legal effect, an acquittal of the murder charge. (*People* v. *Gilmore,* 4 Cal. 376, [60 Am. Dec. 620]; *People* v. *Backus,* 5 Cal. 278; *People* v. *Gordon,* 99 Cal. 230, [33 Pac. 901]; *People* v. *Muhlner,* 115 Cal. 307, [47 Pac. 128].) It follows

that Michael Kirby has not been convicted of the murder of Patrick Kirby, that he does not come within the exception made by section 1409, and that he was entitled to the share provided by section 1386. Whether this accords with natural right and justice is a question upon which we cannot enter The right of inheritance in this state does not depend upon the ideas of court or counsel as to justice and natural right. The entire matter is in the control of the legislature and depends wholly upon the provisions of the statute, regardless of our notions of natural right and justice. (*Estate of Wilmerding,* 117 Cal. 284, [49 Pac. 181]; *Sharp* v. *Loupe,* 120 Cal. 91, [52 Pac. 134, 586]; *Estate of Porter,* 129 Cal. 88, [79 Am. St. Rep. 78, 61 Pac. 659].) The statute having made the distinction between murder and manslaughter, the courts cannot ignore it or create a definition of the word murder different from that declared in the statute and from that of the common law and ordinary usage. There is no ambiguity in the language and nothing is left to construction. The appellant should have received one forth of the estate, and the refusal to give it to him was erroneous.

The order is reversed.

Sloss, J., and Angellotti, J., concurred.