[Civ. No. 16781.   Second Dist., Div. Two.   Feb. 7, 1949.]

Estate of SHIRLEY E. SCOTT, Deceased. GOLDIE KOUT-NIK, Appellant, v. HENRY I. SCOTT, Respondent.

Arthur A. Jones for Appellant.

Newton Van Why for Respondent.

McCOMB, J.—From a decree determining that Henry I. Scott, the surviving spouse of Shirley E. Scott, deceased, is entitled to the estate of said decedent, petitioner Goldie Koutnik appeals.

## FACTS

Shirley E. Scott died intestate at Los Angeles on January 14, 1947, leaving a surviving spouse, Henry I. Scott. She left neither issue, parent, brother nor sister, nor descendant of a deceased brother or sister.

Goldie Koutnik, appellant, filed a petition for letters of administration of the estate of Shirley E. Scott, in which she set forth that Henry I. Scott, respondent, was the surviving spouse of decedent. Respondent contested said petition and nominated his sister to act as administratrix. Her petition for letters of administration was heard contemporaneously with the petition of appellant. The issue was as to whether Henry I. Scott, as surviving spouse, but a nonresident of California, had the right to nominate an administratrix. The court found that respondent was the surviving spouse of Shirley E. Scott, deceased, denied Goldie Koutnik's petition for letters of administration, and granted the petition of respondent's sister, Juel E. Scott as the nominee of the surviving spouse, for such letters of administration. Judgment was entered accordingly and no appeal having been taken it became final. It was so at the time of the hearing of the present petition to determine heirship.

The evidence disclosed that Henry I. Scott and Shirley E. Scott were married at Santa Ana, California, on February 12, 1923, and that respondent had not been married to any other person either before or after that time. It also disclosed that respondent and Margaret V. Scott were never married, but lived together and acquired property jointly and that respondent had signed some false affidavits with respect to his marital status. The trial court determined that respondent, Henry I. Scott, was the surviving spouse of Shirley E. Scott, decedent, that a judgment adjudging the same was duly entered March 24, 1947, and was final and that respondent as such surviving spouse was entitled to the whole estate of decedent.

QUESTIONS

■ First: *Did the fact that respondent was guilty of marital misconduct bar his right to inherit as the surviving spouse of his wife?*

Pursuant to the provisions of section 224 of the Probate Code,* this question must be answered in the negative.
■ The right of inheritance, including the designation of heirs and the proportions which the several heirs shall receive, as well as the right of testamentary disposition are entirely within the control of the state Legislature and are subject only to the conditions prescribed by such body. (*In re Wilmerding,* 117 Cal. 281, 284 [49 P. 181]; *Estate of Kirby,* 162 Cal. 91, 94 [121 P. 370, Ann.Cas. 1913C 928, 39 L.R.A.N.S. 1088]; *Estate of Taitmeyer,* 60 Cal.App.2d 699, 708 [141 P.2d 504].)

It is entirely immaterial whether the statutes relative to inheritance comport with the court's or counsel's idea of justice, morality or natural right. The matter is in the plenary control of the state Legislature and depends entirely upon the provisions of the statutes regardless of any other person's ideas or notions of right or wrong. (See *Estate of Kirby, supra,* 94.)

Therefore, since the state Legislature has not seen fit to deprive a spouse who is guilty of marital misconduct of being the heir of his or her deceased spouse, the courts may not place any such restriction upon inheritance. Hence in the instant case respondent's marital conduct during the lifetime of his wife was absolutely immaterial to any issue before the trial court.

*In re Fulton,* 15 Cal.App.2d 202 [59 P.2d 508], is inapplicable, for such case deals solely with special statutory rights of family allowance and homestead which are covered by sections 660 to 683 of the Probate Code.

The article in 139 American Law Reports, page 486 et seq., and the cases cited therein are not here in point for the reason that such cases are based on statutory enactments in other states and like statutes have not been enacted in this state.

■ Second: *Was respondent estopped to assert his claim to be the surviving heir of his deceased wife?*

---

*Section 224 of the Probate Code reads thus: "If the decedent leaves a surviving spouse and neither issue, parent, brother, sister, nor descendant of a deceased brother or sister, the whole estate goes to the surviving spouse."

This question must also be answered in the negative. One of the essential elements of an estoppel is that the party relying thereon has been prejudiced as a result of the other party's acts. (*Cohen* v. *Metropolitan Life Ins. Co.*, 32 Cal. App.2d 337, 350 [89 P.2d 732].)

In the present case there is a total absence of any pleading or proof that appellant was prejudiced as a result of having relied on any act of respondent. Therefore the doctrine of estoppel is not applicable and respondent was not estopped to assert his claim as the surviving spouse of decedent.

■ Third: *Did respondent sustain the burden of proof that he was the surviving spouse of the decedent?*

This question must be answered in the affirmative and is governed by this rule: An adjudication that the applicant is the heir of the decedent, which has become final upon an application for letters of administration, is determinative, so far as the parties to the proceedings are concerned, of the same question on a subsequent hearing of a petition to determine heirship. (*Estate of Harrington,* 147 Cal. 124, 131 [81 P. 546, 109 Am.St.Rep. 118].)

Applying the foregoing rule to the instant case, on the contest of appellant's petition for letters of administration, respondent was a party and the issue was whether or not appellant was the surviving spouse of decedent. The court found that he was and entered a judgment accordingly, which judgment had become final at the time of the hearing on the petition to determine heirship. Therefore the above rule is applicable and the trial court properly found at the hearing in the present case that respondent was the surviving husband of decedent and entitled to her estate.

*In re Smith's Estate,* 85 A.C.A. 365 [193 P.2d 90], is a nullity, the Supreme Court having granted a hearing after the decision of the District Court of Appeal. Thus the opinion of the District Court of Appeal was void and is of no force or effect. (*Estate of Kent,* 6 Cal.2d 154, 156 [57 P.2d 901].)

Appellant has presented 11 questions in connection with her appeal. However, the three set forth above are the only ones upon which she has presented us with either argument or authorities. ■ The other eight questions will not be considered by us for the reason that the rule is settled that where, as in the instant case, the appealing party fails to furnish this court with either argument or authority upon a point

urged as ground for reversal of the judgment, the point will be deemed to have been abandoned. (*Ver Bryck* v. *Luby,* 67 Cal.App.2d 842, 845 [155 P.2d 706].)

The decree is affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied February 21, 1949, and appellant's petition for a hearing by the Supreme Court was denied March 31, 1949.