No. 16,721.

STRICKLAND, ADMINISTRATOR *v.* WYSOWATCKY, ADMINISTRATOR.

(250 P. [2d] 199)

Decided October 27, 1952.   Rehearing denied November 17, 1952.

Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, for plaintiff in error.

Mr. HOWARD ROEPNACK, Mr. GORDON C. SMITH, for defendant in error.

*En Banc.*

Mr. Chief Justice Jackson delivered the opinion of the court.

In an estate proceeding plaintiff in error the administrator, who was father of the deceased intestate, filed a request for instruction alleging, "That the sole assets of this estate consist of the proceeds of certain life insurance policies [$2,000] on the life of the deceased; that on the 22nd day of October, 1948, Aquilla H. Cole, also known as Joe Cole, who was the husband of the deceased Claudina Cole at the time of her death, was convicted of voluntary manslaughter for having caused the death of his said wife, the decedent aforesaid; that no appeal was taken from said conviction, and said Aquilla H. Cole was sentenced to the penitentiary under said conviction and is now serving said sentence. That said Aquilla H. Cole is claiming to be entitled to have distributed to him the net proceeds of this estate."

At the resulting hearing the administrator so petitioning offered a certified copy of the information against Cole and Cole's plea thereto of guilty of voluntary manslaughter. The court refused the offer, holding it was not admissible in evidence. Its findings and conclusions also included the following: "1. The conviction of a husband of voluntary manslaughter for having caused the death of the insured, such conviction being upon his plea of guilty of voluntary manslaughter, does not prohibit the husband from inheriting the proceeds of insurance from the estate of the deceased. 3. There was failure to prove that Aquilla H. Cole feloniously killed his wife. 4. The Administrator should be instructed that Aquilla H. Cole may inherit the estate of his deceased wife including the proceeds from the insurance policy."

The administrator, who is plaintiff in error, here seeks reversal of the trial court's rulings.

On March 27, 1952, and since this case was docketed

here, we granted a petition allowing the substitution of Andrew Wysowatcky, as Administrator of the Estate of Aquilla H. Cole, deceased, as defendant in error—it appearing that Aquilla H. Cole had died January 24, 1952.

The rejection by the trial court of the certified copy of Cole's plea of guilty of manslaughter is specified as error on the ground it was an admission against interest.

Error also is based on the court's holding that Cole's conviction of manslaughter of his wife does not prevent his inheriting as her sole heir (the assets of her estate consist of the proceeds of $2,000 in life insurance) because of "the well established rule of law that a beneficiary of a life insurance policy who feloniously causes the death of the insured forfeits all rights he may have under the policy and contrary to the well established rule that a person may not, in a court of law, profit by his own wrong."

We are of the opinion neither specification is valid. This is not a case where a beneficiary under a life insurance policy attempts to recover the proceeds after the insured has been killed by the beneficiary. Cole is not suing the insurance company. The latter has already paid to the administrator of his wife's estate the proceeds of a policy payable by its terms to the estate of the insured. Cole is claiming as sole heir under our statute of descent and distribution, section 1, chapter 176, '35 C.S.A., which up to 1923 made no exception as to the circumstances under which property would devolve. In 1923 the legislature engrafted upon the statute the following exception: "Hereafter any person convicted of murder in the first degree or second degree as having caused the death of any other person either as principal or accessory, shall not take, either by descent, devise, inheritance, or any other manner, any of the estate, real or personal, of deceased. [L. '23, p. 712, §1.]." Section 12, chapter 176, '35 C.S.A.

In *Smith v. Greenburg,* 121 Colo. 417, 423, 218 P. (2d)

514, we discussed this 1923 statute and quoted from 26 C. J. S. 1055 as follows:

" ' * * * *but such a statute must be strictly construed and in some situations is held not applicable. A statute disqualifying one who has been convicted of the murder of deceased does not apply in the absence of such conviction, as where there has been a conviction of manslaughter only, or the person who committed the homicide was insane at the time or committed suicide shortly thereafter.'*

"Some of the cases that support the italicized portions of this statement include: *Holloway v. McCormick,* 41 Okla. 1, 136 Pac. 1111, 50 L.R.A., N. S., 536; *United States v. McCarty* (10th Cir.), 144 F. (2d) 341, 342; *Wilson v. Randolph,* 50 Nev. 440, 264 Pac. 697; *Kirby's Estate,* 162 Cal. 91, 121 Pac. 370, 39 L.R.A., N. S., 1088, Ann. Cas. 1913 C, 928; *Bruns v. Cope,* 182 Ind. 289, 105 N.E. 471; *Ward v. Ward,* 174 Va. 331, 6 S.E. (2d) 664, 139 A.L.R. 505."

In *Eversole v. Eversole,* 169 Ky. 793, 185 S.W. 487, is posed the question similar to the one counsel for the administrator urges here: "The question is, can we, upon the theory that the common law forbids a person to take advantage of his own wrong, or upon the theory that public policy forbids a person from obtaining property by his own crime, engraft upon the statute regulating the property rights of husband and wife, or upon the statute of descent and distribution, an exception which they do not contain, and thus impose upon one guilty of homicide punishment not provided for in our criminal law? It seems to us that there is but one answer to this question. A statutory right cannot be defeated by the application of a common law principle." As we said in *Smith v. Greenburg, supra:* " * * * the legislature has already pre-empted the field and declared the public policy with respect to the disposition of property * * * descending under the statute of descent and distribution." Elsewhere in that opinion we stated that, " * * *

we believe that the legislature already has fixed the standards and rules to be applied in the situation confronting us." If it had seemed desirable to bar a person guilty of voluntary manslaughter from inheriting from the person thus killed, the legislature could have so provided instead of limiting the exception to the person convicted of murder in either the first or second degree.

It is also urged that, inasmuch as the estate in this case consists of the proceeds of a life insurance policy, the situation should be treated in the same way as if Cole were the beneficiary of the life insurance policy. The first answer to this contention is that to do so would be to do violence to the facts in this case. Whereas the amount payable under a policy upon the death of an insured to a named beneficiary is payable in the amount specified in the policy, undiminished by any claims of others, in an estate proceeding the heir takes only after creditors have been satisfied and also subject to a sharing in the net amount with other heirs. It might well be that the various claims against an estate of the size in the instant case would substantially reduce the net amount payable. It is only because Cole happens to be the sole heir under the law of descent and distribution, due to the fact that his wife left no lineal descendants, that the argument of counsel appears even plausible. In *Moore, Adm'rx. v. Prudential Ins. Co. of America,* 342 Pa. 570, 21 Atl. (2d) 42, a wife, being the beneficiary under her husband's life insurance policies, pleaded guilty to voluntary manslaughter of her husband. The court held that she could recover on the policies as administratrix of her husband's estate, even though she might obtain part of the proceeds by inheritance—the court pointing out [page 576] that "if plaintiff should receive * * * any part of the proceeds of the policies, after payment of the debts of the estate and in common with other distributees, it would not be as beneficiary of the contracts of insurance, but as one entitled by the Intestate Act to a distributive share of her husband's

estate regardless of the source from which it was derived."

A similar conclusion was reached in *Murchison v. Murchison*, Texas Civil App., 203 S.W. 423. A different result apparently was reached in *Johnston, Adm'r. v. Metropolitan Life Ins. Co.*, 85 W. Va. 70, 100 S.E. 865; but in that case suit was brought by the personal representative of the person murdered against the insurance company, and there the murder was committed by the beneficiary who was the sole distributee of the insurance benefit.

*DeZotell v. Mutual Life Ins. Co. of N. Y.*, 60 S. D. 532, 245 N.W. 58, is another case upon which counsel for the administrator rely. The opinion in that case specifically recognizes that many of the states control the matter by statute, including Colorado. In that case moreover there had been a conviction for murder.

In *Smith, Adm'r. v. Todd, Adm'rx.*, 155 S. C. 323, 152 S.E. 506, 70 A.L.R. 1529, cited by counsel for the administrator, the evidence disclosed that the wrongdoer was a beneficiary of an insurance policy. In the instant case Cole is not claiming under an insurance policy, but as the sole heir of the estate of his wife subject to all just debts and expenses of administration.

We are of the opinion that the trial court was correct in its rulings, and its judgment is accordingly affirmed.