KENNETH HOTAREK *v.* SUZANNE BENSON
(13581)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued March 1—decision released May 9, 1989

*Kerin M. Woods,* for the appellant (plaintiff).

*Edward B. O'Connell,* with whom, on the brief, was *Cheryl V. Helms,* for the appellee (defendant).

CALLAHAN, J. This is an appeal from an order of the Probate Court for the district of Old Lyme ascertaining the heirs and ordering the distribution of the intestate estate of Paul Hotarek, a deceased minor. See General Statutes § 45-288 et seq. The order provided that the defendant, Suzanne Benson, the biological mother of Paul Hotarek, was an heir of the deceased and entitled to inherit one half of his estate. The order also provided that the plaintiff, Kenneth Hotarek, the father of the deceased, was an heir and entitled to inherit the other half.

The facts leading to this probate appeal are unique and tragic. The plaintiff, Kenneth Hotarek, and the defendant, Suzanne Benson, were married on July 27, 1968. The deceased, Paul Hotarek, issue of the marriage, was born on October 25, 1970. The Hotarek marriage was dissolved on October 26, 1972, when Paul

was two years old. On July 10, 1986, at the age of fifteen, Paul was killed in a motor vehicle accident.

Subsequent to Paul's death, his estate settled a claim against the tortfeasor who was responsible for his demise for $20,000 and was subsequently awarded underinsured motorists benefits in the amount of $525,000. The net proceeds of those two awards were the only substantial assets in the decedent's estate.[1] Immediately following Paul's death and during the initial stages of the probate proceedings, the defendant could not be located. Consequently, the Probate Court appointed a guardian ad litem to protect her interests. Her guardian ad litem engaged the services of an investigator who finally tracked down the defendant on December 10, 1987, at her residence in Hurricane, Utah.[2] It was at that time that the defendant first learned of her son's death in Connecticut some seventeen months earlier. Her appearance, the Probate Court order distributing one half of Paul's net estate to her, and the plaintiff's appeal of that order followed.

Throughout these proceedings the plaintiff has asserted that for approximately thirteen years, from December, 1973, until the date of Paul's death in 1986, the defendant had no contact with the deceased. He avers that during that time the defendant failed to provide any financial support to, maintain any interest in, or display any love and affection for her son. He acknowledges that the defendant's parental rights were never officially terminated but maintains that because the defendant had abandoned her minor son during his life she was not entitled to share in his estate after his death.

---

[1] The total net estate was approximately $300,000.

[2] Hurricane is located in Washington County in southwest Utah, population 2660, elevation 3266 feet. Rand McNally Commercial Atlas and Marketing Guide (120th Ed. 1989).

The Probate Court disagreed and ordered the distribution of the decedent's net estate, one half to the plaintiff and one half to the defendant in accord with General Statutes §§ 45-272, 45-276 (a) (1) and 45-280 (b).[3] The plaintiff, thereafter, appealed to the Superior Court. After the pleadings were closed, the Superior Court granted the defendant's motion for summary judgment

---

[3] "[General Statutes] Sec.45-272. DISTRIBUTION OF ESTATES. (A) COURT TO ASCERTAIN HEIRS AND DISTRIBUTEES. The court of probate shall ascertain the heirs and distributees of each intestate estate, and the heirs and distributees of, and their respective shares in, each testate so far as the will may leave the same indefinite and necessary to be defined or so far as it is necessary to give effect to an agreement made in accordance with the provisions of section 45-272a.

"(b) COURT TO ORDER FIDUCIARY TO DISTRIBUTE ESTATE. The court shall order the administrator or other fiduciary charged with the administration of the estate to deliver possession of or pay over the intestate estate and the shares in each testate estate so far as the will may leave the same indefinite and necessary to be defined to the person or persons entitled thereto in the proportions provided by law, or, if distributors are appointed or a mutual distribution is filed, as provided in section 45-273, or if disinterested persons are appointed to make division or an agreement is filed, as provided in section 45-272a, the court shall order the fiduciary of the estate to deliver possession of or pay over the same in accordance with the division made by such distributors or mutal distribution or agreement, as the case may be. The fiduciary shall take proper receipts for any such delivery or payment."

General Statutes § 45-276 (a) (1) provides: "DISTRIBUTION WHEN THERE ARE NO CHILDREN OR REPRESENTATIVES OF THEM. (a) (1) If there are no children or any legal representatives of them, then, after the portion of the husband or wife, if any, is distributed or set out, the residue of the estate shall be distributed equally to the parent or parents of the intestate."

General Statutes § 45-280 (b) provides: "DISTRIBUTION OF DAMAGES FOR CAUSING DEATH. . . .

"(b) All damages recovered for injuries resulting in death, which death occurred on or after October 1, 1961, after payment of the costs and expenses of suit, all expenses of last illness and all funeral bills, the expenses of administration and claims against the estate and such amount for the support of the surviving spouse or family of the deceased during the settlement of the estate as the court of probate may allow, shall be distributed as personal estate in accordance with the last will and testament of the deceased if there is one or, if not, in accordance with the law concerning the distribution of intestate personal estate. Such damages shall not be subject to taxation under the provisions of chapter 216."

based on the plaintiff's admissions that he and the defendant had been married, that the deceased was the issue of their marriage, and that the defendant's parental rights "were not terminated as termination of parental rights is defined in Section 17-32d (e) of the Connecticut General Statutes."[4] See Practice Book § 378 et seq. In granting the defendant's motion for summary judgment the Superior Court ruled that "there is neither common law nor statutory law upon which relief can be granted [to the plaintiff]." We agree.

General Statutes § 45-276 (a) (1) provides that if a person dies intestate leaving no spouse or children, the residue of the intestate's estate shall be distributed equally to the decedent's parent or parents. Neither § 45-276 (a) (1) nor any other statute creates an exception disinheriting a parent who has abandoned a minor child who later dies intestate. The plaintiff concedes that to be the statutory law. He urges, however, that we find that the Probate Court and the Superior Court erred in failing to exercise an unspecified, inherent equitable power to vary the statute to prevent an injustice. That failing, he implores this court to promulgate, by judicial fiat, a rule that will preclude the defendant from inheriting because of her abandonment of her minor child. Unfortunately, we can do neither.

The law governing descent and distribution emanates from the legislature and is purely statutory. *Irving Trust Co.* v. *Day,* 314 U.S. 556, 562, 62 S. Ct. 398, 86 L. Ed. 452 (1942); *Bird* v. *Plunkett,* 139 Conn. 491,

---

[4] General Statutes § 17-32d (e) provides: "DEFINITIONS. As used in section 17-51 and this part:

\* \* \*

"(e) 'Termination of parental rights' means the complete severance by court order of the legal relationship, with all its rights and responsibilities, between the child and his parent or parents so that the child is free for adoption except it shall not affect the right of inheritance of such child or the religious affiliation of such child."

501–502, 95 A.2d 71 (1953); *In re Holibaugh,* 18 N.J. 229, 235, 113 A.2d 654 (1955); *Vinson* v. *Chappell,* 275 N.C. 234, 240, 166 S.E.2d 686 (1969); 23 Am. Jur. 2d, Descent and Distribution § 9. The legislature has, by statute, carved out exceptions to the statutes governing descent and distribution to deprive an ostensibly rightful heir, falling within the ambit of those exceptions, of an otherwise lawful inheritance. Under § 45-273a (a)[5] a person who, without sufficient cause,

---

[5] General Statutes § 45-273a (a) provides: "SUCCESSION UPON DEATH OF SPOUSE. ELECTION AGAINST WILL. INTESTATE SUCCESSION. (a) On the death of a husband or wife, the survivor shall be entitled to the use for life of one-third in value of all the property, real and personal, legally or equitably owned by the other at the time of his or her death, after the payment of all debts and charges against the estate. Such third shall be set out by the fiduciary charged with the administration of the estate or, in the discretion of the probate court on its own motion or upon application by any interested person, by distributors appointed by the court of probate in any property, real or personal or both, according to the judgment of such fiduciary or distributors. The right to such third shall not be defeated by any disposition of the property by will to other parties. If the husband has by will devised or bequeathed a portion of his property to his surviving wife, or if the wife by will has devised or bequeathed a portion of her property to her surviving husband, such provision shall be taken to be in lieu of the share hereinabove provided for, unless the contrary is expressly stated in the will or clearly appears therein; but, in any such case, the surviving spouse, or the conservator or guardian of the estate of the surviving spouse, with the approval, after public notice and hearing, of the court of probate by which such conservator or guardian was appointed, shall have his or her election whether to accept the provision of such will or take such life use of one-third. Such election shall be made in writing signed by the party entitled to make the election and lodged with the court of probate before which the estate is in settlement, within two months after the expiration of the time limited for the exhibition of claims against the estate. If such election is not so made, such person shall be taken to have accepted the provisions of the will and shall be barred of such statutory share. In any case where the husband or wife by will does not make any provision for the surviving wife or husband, the surviving spouse, or the conservator or guardian of the estate of the surviving spouse, with the approval, after public notice and hearing, of the court of probate by which such conservator or guardian was appointed, shall, within two months after the expiration of the time limited for the exhibition of claims against such estate, file a notice, in writing, of his or her intention to take a life use of one-third of the estate under the provisions of this section with the court of

abandons his or her spouse is foreclosed from receiving a statutory share of the estate of the deceased spouse. Under § 45-279 (a)[6] a person finally convicted of murder is precluded from inheriting any part of the

probate before which the estate is in settlement, and if such notice is not so filed, such person shall be barred of such statutory share. A surviving spouse shall also, when in the opinion of the court of probate it is necessary, be allowed a reasonable sum from the estate for his or her support and for the support of his or her family during the settlement of the estate; but, in that case, such person shall not take his or her statutory share until the expiration of the time for which such allowance is made. The provisions of this section with regard to the statutory share of the surviving husband or wife in the property of the other shall not apply to any case in which, by written contract made before or after marriage, either party has received from the other what was intended as a provision in lieu of such statutory share; nor shall either party be entitled to such statutory share who, without sufficient cause, abandoned the other and continued such abandonment to the time of the other's death."

[6] General Statutes § 45-279 (a) provides: "WHEN PERSON GUILTY OF KILLING ANOTHER TO INHERIT FROM OR RECEIVE PROPERTY OR INSURANCE PROCEEDS AS BENEFICIARY OF VICTIM. (a) A person finally adjudged guilty, either as the principal or accessory, of any crime under section 53a-54a or 53a-54b, or in any other jurisdiction, of any crime, the essential elements of which are substantially similar to such crimes, shall not inherit or receive any part of the estate of the deceased, whether under the provisions of any act relating to intestate succession, or as devisee or legatee, or otherwise under the will of the deceased, or receive any property as beneficiary or suvivor of the deceased; and such person shall not inherit or receive any part of the estate of any other person when such homicide or death terminated an intermediate estate, or hastened the time of enjoyment. With respect to inheritance under the will of the deceased, or rights to property as heir, devisee, legatee or beneficiary of the deceased, the person whose participation in the estate of another or whose right to property as such heir, devisee, legatee or beneficiary is so prevented under the provisions of this section shall be considered to have predeceased the person killed. With respect to property owned in joint tenancy with rights of survivorship with the deceased, such final adjudication as guilty shall be a severance of the joint tenancy, and shall convert the joint tenancy into a tenancy in common as to the person so adjudged and the deceased but not as to any remaining joint tenant or tenants, such severance being effective as of the time such adjudication of guilty becomes final. When such jointly owned property is real property, a certified copy of the final adjudication as guilty shall be recorded by the fiduciary of the deceased's estate, or may be recorded by any other interested party in the land records of the town where such real property is situated."

estate of the deceased victim; see *Bird* v. *Plunkett,* supra; see also General Statutes § 45-279 (b), (c) (1) and (2).[7] Absent, however, is any statute barring a parent who has abandoned a minor child from inheriting from the estate of the minor child.

Even if the omission of such a statute were the result of legislative oversight or neglect, we have no power to supply the omission or to remedy the effect of the neglect. *Matter of Zolessi's Will,* 154 Misc. 313, 315, 277 N.Y.S. 137 (1935). "[A]ny qualification [of the law of descent and distribution] pronounced by this court would be a judicial grafting of public policy restrictions on an explicit statutory provision." *Anstine* v. *Hawkins,* 92 Idaho 561, 562, 447 P.2d 677 (1968); *Kreisel* v. *Ingham,* 113 So. 2d 205, 209 (Fla. App. 1959). The authorities make clear that judicial tribunals have no concern with the policy of legislation and they cannot engraft upon the provisions of the statutes of descent and distribution an exception to bar an inheritance.

---

[7] General Statutes § 45-279 (b) provides: "In all other cases where a defendant has been convicted of killing another person, the right of such defendant to inherit or take any part of the estate of the person killed or to inherit or take any estate as to which such homicide terminated an intermediate estate, or hastened the time of enjoyment, or to take any property as beneficiary or survivor of the deceased shall be determined by the common law, including equity."

General Statutes § 45-279 (c) (1) provides: "A named beneficiary of a life insurance policy or annuity who intentionally causes the death of the person upon whose life the policy is issued or the annuitant, is not entitled to any benefit under the policy or annuity, and the policy or annuity becomes payable as though such beneficiary had predeceased the decedent."

General Statutes § 45-279 (c) (2) provides: "A conviction under section 53a-54a, 53a-54b, 53a-54c, 53a-54d, 53a-55 or 53a-55a, shall be conclusive for purposes of this subsection. In the absence of such a conviction, the superior court may determine by the common law, including equity, whether the named beneficiary is entitled to any benefit under the policy or annuity. In any proceeding brought under this subsection, the burden of proof shall be upon the person challenging the eligibility of the named beneficiary for benefits under a life insurance policy or annuity."

*Bird* v. *Plunkett,* supra, 500. The statutes cannot be changed by the court to make them conform to the court's conception of right and justice in a particular case. *Estate of Kirby,* 162 Cal. 91, 94, 121 P. 370 (1912); 23 Am. Jur. 2d, supra, § 12. To avoid trenching on legislative ground, the court must take the view that if the legislature had intended such an exception from the statutes as is sought in this case, it would have said so. See *Kerin* v. *Goldfarb,* 160 Conn. 463, 467, 280 A.2d 143 (1971); *Lewis* v. *Shannon,* 121 Conn. 594, 598, 186 A. 540 (1936); *Strickland* v. *Wysowatcky,* 128 Colo. 221, 224, 250 P.2d 199 (1952); 23 Am. Jur. 2d, supra, § 3.

In the absence of statutory provisions to the contrary, the fact that a parent has abandoned and neglected a deceased minor child does not bar the right of that parent to inherit from the child's estate under the statutes governing descent and distribution. *Anderson* v. *Anderson,* 211 Tenn. 566, 569–70, 366 S.W.2d 755 (1963); see *Bird* v. *Plunkett,* supra, 504; *Poque* v. *Poque,* 434 So. 2d 262, 263 (Ala. Civ. App. 1983). If the law is to be changed to make provision for the situation at hand, it is for the legislature to make the change, not the courts. *Tarlo's Estate,* 315 Pa. 321, 325–26, 172 A. 139 (1934). We urge the legislature to consider doing so.

There is no error.

In this opinion the other justices concurred.