JOHN HASYCHAK, JR. *v.* ZONING BOARD OF
APPEALS OF THE TOWN OF OLD
SAYBROOK ET AL.
(SC 18384)
(SC 18385)

Katz, Palmer, Vertefeuille, Zarella and McLachlan, Js.

Argued January 13—officially released May 25, 2010

*Robert A. Fuller*, with whom was *Herbert Watstein*, for the appellant in Docket No. SC 18384 and the appellee in Docket No. SC 18385 (defendant Herbert Watstein).

*Christina P. Burnham*, for the appellee in Docket No. SC 18384 and the appellant in Docket No. SC 18385 (plaintiff).

*Michael E. Cronin, Jr.*, for the appellee in Docket No. SC 18384 (named defendant).

*Opinion*

ZARELLA, J. In this consolidated appeal,[1] the defendant Herbert Watstein appeals from the trial court's judgment, claiming that the court improperly concluded that the zoning board of appeals of the town of Old Saybrook (board) lacked jurisdiction to hear and deter-

---

[1] Following the Appellate Court's granting of certification, the plaintiff, John Hasychak, Jr., and the defendant Herbert Watstein each filed a separate appeal with the Appellate Court, and we transferred the appeals to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

mine Watstein's administrative appeal, which concerned whether the town zoning enforcement officer properly had issued a certificate of zoning compliance to the plaintiff, John Hasychak, Jr., in conformity with a stipulated judgment that the court previously had rendered.[2] In his appeal to this court, Watstein claims that the trial court's conclusion was improper because General Statutes § 8-6 (a) (1)[3] explicitly authorizes the board to hear administrative appeals from decisions made by a zoning enforcement officer, which, in the present case, includes the zoning enforcement officer's issuance of the certificate of zoning compliance to Hasychak.[4] The board takes the same position as Watstein.[5] Hasychak responds that the trial court properly con-

[2] We note that the court, *Aurigemma, J.*, had rendered judgment in accordance with the parties' stipulation and that the court, *Jones, J.*, had rendered the judgment that is the subject of this appeal.

[3] General Statutes § 8-6 (a) provides in relevant part: "The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter . . . ."

[4] Watstein does not adequately address this issue in his initial brief. We are, however, able to ascertain his position from his reply brief. Although we generally decline to consider issues that are inadequately briefed; see, e.g., *Connecticut Coalition Against Millstone v. Connecticut Siting Council*, 286 Conn. 57, 87, 942 A.2d 345 (2008) ("We are not obligated to consider issues that are not adequately briefed. . . . Whe[n] an issue is merely mentioned, but not briefed beyond a bare assertion of the claim, it is deemed to have been waived. . . . In addition, mere conclusory assertions regarding a claim, with no mention of relevant authority and minimal or no citations from the record, will not suffice." [Citations omitted; internal quotation marks omitted.]); or that are raised for the first time in a reply brief; see, e.g., *SS-II, LLC v. Bridge Street Associates*, 293 Conn. 287, 302, 977 A.2d 189 (2009) ("[i]t is well established . . . that [c]laims . . . are unreviewable when raised for the first time in a reply brief" [internal quotation marks omitted]); in the present case, we decide the issue because Hasychak and the board have fully addressed it in their briefs, and it was argued by all parties at oral argument, without objection.

[5] The board did not appeal from the trial court's judgment but has filed a brief as an appellee in Watstein's appeal.

cluded that the board lacked jurisdiction because the underlying dispute in this case concerned whether Hasychak complied with a stipulated judgment rendered by the trial court, rather than the town's zoning regulations, and § 8-6 (a) limits the board's jurisdiction to hearing administrative appeals involving allegations that the official charged with enforcing the zoning regulations has made an error in enforcing or interpreting those regulations. In addition, Hasychak has filed a separate appeal from the trial court's judgment, claiming that, when the trial court determined that the board lacked jurisdiction, the court improperly dismissed his appeal rather than sustaining it. We conclude that the board had jurisdiction over the underlying dispute in this case and, therefore, reverse the trial court's judgment.

The record reveals the following relevant facts and procedural history. Hasychak is the owner of a seasonal cottage located at 41 Soundview Avenue in Old Saybrook, directly adjacent to 43 Soundview Avenue, which is owned by Watstein. Hasychak's cottage is a legal, nonconforming structure located on a legal, nonconforming lot.[6] In 2004, Hasychak sought to renovate his cottage by raising the base floor of the cottage several feet, and by constructing a pitched roof and a home office on a new second floor. His desired renovation plans required zoning variances. In order to move forward with his plans, Hasychak first submitted an application for a certificate of zoning compliance to the town zoning enforcement officer, who subsequently denied his application. Thereafter, Hasychak submitted an application for the desired variances to the board and filed an administrative appeal with the board in which he challenged the zoning enforcement officer's deci-

---

[6] Hasychak's property was developed prior to the adoption of zoning regulations in Old Saybrook and is nonconforming with respect to many of the zoning requirements in the district in which it is situated.

sion. The board denied his application for variances and upheld the zoning enforcement officer's decision. Hasychak then appealed from the decision of the board to the Superior Court, where Watstein was joined as a party defendant.

The board, Hasychak and Watstein then entered into a stipulation, which set forth the manner in which Hasychak would be permitted to finish the proposed renovations to his cottage. The stipulation provides in relevant part that "[a] [c]ertificate of [z]oning [c]ompliance shall be issued for all work within the scope contemplated by this agreement and all necessary variances shall be deemed to be granted." At the parties' request, the trial court rendered judgment in accordance with the stipulation on May 10, 2006.

Thereafter, Hasychak allegedly redesigned his plans to conform to the terms of the stipulated judgment and applied for a certificate of zoning compliance, which the zoning enforcement officer issued on January 31, 2007. Watstein subsequently filed an administrative appeal with the board, objecting to the zoning enforcement officer's issuance of the certificate on the ground that Hasychak's renovation plans did not comply with the terms of the stipulated judgment. After conducting a hearing on the matter, the board agreed with Watstein and sustained his appeal.

Hasychak appealed from the decision of the board to the Superior Court, claiming that the board lacked jurisdiction to determine whether his renovation plans complied with the terms of the stipulated judgment. The trial court agreed with Hasychak and concluded that the board lacked jurisdiction over the matter because the dispute between the parties concerned whether Hasychak's renovation plans complied with the terms of a stipulated judgment rather than whether it complied with the town's zoning regulations. In its

memorandum of decision, the trial court stated that its "jurisdiction to effectuate its judgment in this case [was] necessarily exclusive because it is derived from the inherent power of the court, whereas the [board's] jurisdiction is statutorily limited and does not include the power to effectuate court judgments." The trial court dismissed Hasychak's appeal, stating that "[a]ny one or more of the parties may file an appropriate motion at the trial court level for interpretation and/or enforcement of the terms of [the] stipulated judgment."[7] This certified, consolidated appeal followed.

In his appeal, Watstein claims that the trial court incorrectly concluded that the board lacked jurisdiction to determine whether the zoning enforcement officer properly issued the certificate of zoning compliance to Hasychak on the ground that Hasychak's renovation plans complied with the stipulated judgment. Specifically, Watstein contends that § 8-6 (a) (1) explicitly authorizes the board to hear appeals from decisions made by a zoning enforcement officer, which, in the present case, includes the zoning enforcement officer's issuance of the certificate of zoning compliance to Hasychak.[8] Hasychak responds that the trial court properly

---

[7] Hasychak also claimed in his appeal to the trial court from the board's decision that the board acted "illegally, arbitrarily and in abuse of [its] discretion" in that the board's decision was (1) contrary to the evidence presented, including evidence establishing that the zoning enforcement officer correctly issued the certificate of zoning compliance in accordance with the stipulated judgment, and (2) tainted by certain alleged ex parte communications that Watstein had initiated with members of the board. The trial court did not address these claims, presumably because it determined that the board lacked jurisdiction. Because we conclude, for the reasons set forth hereinafter in this opinion, that the trial court incorrectly concluded that the board lacked jurisdiction, the case must be remanded to the trial court for it to consider Hasychak's remaining claims.

[8] At oral argument, Watstein's counsel also argued that the board had jurisdiction because our decision in *Simko* v. *Ervin*, 234 Conn. 498, 661 A.2d 1018 (1995), which reinforced the doctrine of exhaustion of administrative remedies, *required* Watstein to appeal from the zoning enforcement officer's decision to the board as a prerequisite to filing an action in the trial court. Counsel for the board echoed this argument, citing to *Borden* v. *Planning &*

concluded that the board lacked jurisdiction because

*Zoning Commission,* 58 Conn. App. 399, 755 A.2d 224, cert. denied, 254 Conn. 921, 759 A.2d 1023 (2000), and *Caltabiano* v. *Phillips,* 23 Conn. App. 258, 580 A.2d 67 (1990), and stressed that the majority of cases applies the exhaustion doctrine. The applicability of the exhaustion doctrine is not at issue in the present case because Watstein did, in fact, appeal from the zoning enforcement officer's decision to the board. Accordingly, we need not decide whether he was *required* to do so by the exhaustion doctrine or, alternatively, whether he could have proceeded directly to court. We note, however, that only a statute, and not the exhaustion doctrine, can vest zoning boards of appeal with jurisdiction.

In addition, Watstein and the board raised several public policy arguments in support of their claim that the board should have jurisdiction over claims involving alleged noncompliance with a stipulated judgment. First, Watstein argued that, if we were to conclude that the board lacked jurisdiction over such claims, then interested persons who were not parties to trial court proceedings that gave rise to stipulated judgments would have no means of challenging decisions made by zoning enforcement officers on the basis of those stipulated judgments because such persons would lack standing to enforce the judgments in court.

The board also raised the issue of finality and fairness. Specifically, the board argued that requiring parties to exhaust administrative remedies before proceeding to court promotes finality and confidence in rulings on zoning matters because General Statutes § 8-7 requires aggrieved parties to file their appeals with the board within thirty days of the decision being appealed. Accordingly, the board contends that, after the thirty day period expires, parties are able to proceed with their construction projects in reliance on the zoning enforcement officer's decision without fear that such decision subsequently may be overturned. The board argues that if, on the other hand, we were to hold that the court has exclusive jurisdiction, then the zoning enforcement officer's decision would be subject to attack indefinitely because there are no time limitations for filing motions to interpret or motions for contempt for violating stipulated judgments.

Although Watstein and the board raise important and compelling considerations, those considerations have no bearing on our analysis in this case. "[I]t is the legislature, and not this court, that is responsible for formulating and implementing public policy." *Branford* v. *Santa Barbara,* 294 Conn. 803, 816, 988 A.2d 221 (2010). "The legislature speaks on matters of public policy through legislative enactments and through the promulgation of regulations by state agencies as authorized by statute." (Internal quotation marks omitted.) *Nichols* v. *Salem Subway Restaurant,* 98 Conn. App. 837, 846, 912 A.2d 1037 (2006). When "there is no ambiguity in the legislative commandment, this court cannot, in the interest of public policy, engraft amendments onto the statutory language." (Internal quotation marks omitted.) *Costantino* v. *Skolnick,* 294 Conn. 719, 736, 988 A.2d 257 (2010); see also *Hotarek* v. *Benson,* 211 Conn. 121, 129, 557 A.2d 1259 (1989) ("[t]he statutes cannot

the underlying dispute in this case concerned whether Hasychak's renovation plans complied with the stipulated judgment rendered by the trial court rather than the town's zoning regulations, and § 8-6 (a) limits the board's jurisdiction to hearing appeals in which it is alleged that the official charged with enforcing the zoning regulations has made an error in enforcing or interpreting those regulations. In addition, Hasychak claims, on the basis of "the logic" contained in our decision in *AvalonBay Communities, Inc.* v. *Plan & Zoning Commission*, 260 Conn. 232, 796 A.2d 1164 (2002), that the power to effectuate and interpret prior judgments is not a power that is shared with a local zoning board but, rather, is a power that is exclusive to the courts. Finally, Hasychak argues that the trial court correctly concluded that it should be the sole arbiter of the meaning of the stipulated judgment in this case because it would be inequitable to permit the board, which is a party and signatory to the stipulation, to exercise such power. We conclude that the board had jurisdiction to determine the dispute in this case.

We begin with the standard of review. Resolution of the issue presented requires us to review and interpret the relevant statutory provisions and town regulations governing the zoning board of appeals. "Because the interpretation of . . . [statutes and] regulations presents a question of law, our review is plenary. . . . Additionally, zoning regulations are local legislative enactments . . . and, therefore, their interpretation is governed by the same principles that apply to the construction of statutes." (Citation omitted; internal quota-

be changed by the court to make them conform to the court's conception of right and justice in a particular case"). Accordingly, the issue in this case must be resolved by statutory interpretation, and not this court's view of what would be best in the interests of public policy. See *Doe* v. *Stamford*, 241 Conn. 692, 697, 699 A.2d 52 (1997) ("[a]lthough the parties . . . called . . . attention to the public policy implications of [the] case, the issue presented is, at bottom, a matter of statutory construction").

tion marks omitted.) *Jewett City Savings Bank* v. *Franklin*, 280 Conn. 274, 278, 907 A.2d 67 (2006).

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) *Buttermilk Farms, LLC* v. *Planning & Zoning Commission*, 292 Conn. 317, 328, 973 A.2d 64 (2009).

We first review the language of the relevant statute and regulation. General Statutes § 8-6 (a) provides in relevant part: "The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in *any* order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter . . . ." (Emphasis added.) Similarly, § 71.2 of the Old Saybrook zoning regulations provides in relevant part: "The powers and duties of the Zoning Board of Appeals include the following:

"71.2.1 To hear and decide appeals where it is alleged that there is an error in *any* order, requirement or deci-

sion made by the Enforcement Officer . . . ." (Emphasis added.)

The plain meaning of § 8-6 (a) (1) and § 71.2 of the Old Saybrook zoning regulations leads us to conclude that those provisions unambiguously authorized the board to hear and determine the issue before it in Watstein's administrative appeal. First, it is undisputed that the zoning enforcement officer who issued the certificate of zoning compliance to Hasychak was "the official charged with the enforcement" of the zoning regulations within the meaning of § 8-6 (a) (1). See Old Saybrook Zoning Regs., § 72.1 ("[t]he [Zoning] Commission will appoint an Enforcement Officer who will have the responsibility and authority to enforce the provisions of these regulations"). Second, Hasychak does not contest that the zoning enforcement officer's issuance of a certificate of zoning compliance is a "decision" of the zoning enforcement officer within the meaning of § 8-6 (a) (1). Finally, the record clearly reveals that, in his appeal to the board, Watstein expressly "alleged [in the appeal form] that there [was] an error" in the "decision" of the zoning enforcement officer. Accordingly, because the facts in the present case satisfy all of the requirements of § 8-6 (a) (1) and § 71.2 of the Old Saybrook zoning regulations, we are compelled to conclude that the board was authorized to decide the issue before it in Watstein's administrative appeal.

Notwithstanding the plain meaning of § 8-6 (a) (1) and § 71.2 of the Old Saybrook zoning regulations, Hasychak argues that § 8-6 (a) limits the board's jurisdiction to hearing only those appeals in which the decision of the zoning enforcement officer "involves the enforcement of chapter 124 of the . . . General Statutes or a zoning bylaw, ordinance or regulation adopted under that chapter." Hasychak reasons that, because the zoning enforcement officer's decision in the present case did not concern zoning regulations but, rather, was limited

to determining whether Hasychak's renovation plans complied with the stipulated judgment that the trial court previously had rendered, the board lacked jurisdiction over Watstein's administrative appeal. We are not persuaded.

First, Hasychak has failed to cite to any legal authority in support of his restrictive interpretation of § 8-6 (a). Such absence of support is not surprising in light of the fact that his interpretation is contrary to the plain meaning of the statute. In particular, we find it significant that the respective drafters of the statute and the relevant zoning regulation used the word "any" to modify the types of orders, requirements or decisions that are subject to review by a zoning board of appeals. We conclude that the use of the word "any" in the context of § 8-6 (a) (1)[9] was intended to confer broad jurisdiction over all orders, requirements and decisions of the zoning enforcement officer, without limitation. See *Wiltzius* v. *Zoning Board of Appeals*, 106 Conn. App. 1, 20, 940 A.2d 892 (statutory language in § 8-6 [a] [1] is "broad"), cert. denied, 287 Conn. 906, 907, 950 A.2d 1283, 1284 (2008); cf., e.g., *Cruz* v. *Montanez*, 294 Conn. 357, 369, 984 A.2d 705 (2009) (term " 'any damages' " for purposes of General Statutes § 31-293 [a] "means damages of whatever kind or sort, without limitation"); *Gipson* v. *Commissioner of Correction*, 257 Conn. 632, 640, 778 A.2d 121 (2001) (term "any criminal action" for purposes of General Statutes § 51-296 [a] intended to be "broad . . . in scope" [internal quotation marks omitted]).

To the extent that Hasychak claims that the legislature's reference to chapter 124 of the General Statutes and "any bylaw, ordinance or regulation adopted under

---

[9] This court previously has recognized that the term "any" can have a variety of different meanings depending on the context in which it is used in a particular statute. E.g., *Ames* v. *Commissioner of Motor Vehicles*, 267 Conn. 524, 531, 839 A.2d 1250 (2004).

the provisions of [that] chapter"; General Statutes § 8-6 (a) (1); was intended to limit the jurisdiction of zoning boards of appeal, we disagree. We conclude, on the basis of the plain meaning of that phrase, in light of its context, that the legislature included it for the simple purpose of describing the "official" whose decisions are subject to review by zoning boards of appeal. Our conclusion is consistent with and buttressed by the legislature's use of broad language in the text of the other parts of the statute.

Finally, even if we were to adopt the restrictive interpretation of the statutory scheme that Hasychak urges, we nonetheless would conclude that the board had jurisdiction to hear Watstein's administrative appeal. We have previously noted that, once a court renders a stipulated judgment, it becomes part of and may alter the zoning regulations that are applicable to a particular parcel. See *Torrington* v. *Zoning Commission*, 261 Conn. 759, 771–72, 806 A.2d 1020 (2002). Thus, in the present case, the zoning enforcement officer's decision to issue a certificate of zoning compliance to Hasychak on the basis of the officer's conclusion that Hasychak's renovation plans complied with the stipulated judgment was necessarily a decision concerning the town's zoning regulations. It follows, therefore, that the board had jurisdiction to hear Watstein's administrative appeal.

Hasychak next claims that, irrespective of the language of § 8-6 (a) (1), the board lacked jurisdiction on the basis of "the logic" contained in our decision in *AvalonBay Communities, Inc.* v. *Plan & Zoning Commission*, supra, 260 Conn. 232, which, according to Hasychak, supports the proposition that the power to effectuate and interpret prior judgments is reserved solely for the courts and not local zoning boards of appeal. Hasychak argues that, because Watstein's administrative appeal concerned only whether Hasychak's renovation plans complied with the stipulated

judgment, the board was without jurisdiction to hear the appeal. We disagree.

In *AvalonBay Communities, Inc.*, the plaintiff brought contempt proceedings against the defendant, the plan and zoning commission of the town of Orange (commission), alleging that the commission had failed to comply with a previous order of the court to impose only reasonable and necessary conditions on the approval of the plaintiff's affordable housing application. Id., 233. On appeal, the issue before the court was "whether, in those contempt proceedings, the trial court had continuing jurisdiction to order the [commission] to modify or to rescind certain conditions [that] the [commission] had imposed when: (1) the court found that the [commission] was not in contempt; and (2) the four month period prescribed by General Statutes § 52-212a for opening or setting aside a judgment had lapsed." Id., 233–34. In its appeal, the commission argued, inter alia, that the trial court lacked jurisdiction because the plaintiff had not exhausted its administrative remedies when it failed to bring an administrative appeal before proceeding to court. See id., 238–39. We rejected the commission's claim and held that "the trial court had continuing jurisdiction to fashion a remedy appropriate to the vindication of [the] prior . . . judgment . . . pursuant to its inherent powers and that . . . the exercise of that authority . . . was not barred by the *availability of other appellate remedies*." (Citation omitted; emphasis added; internal quotation marks omitted.) Id., 239.

We conclude that *AvalonBay Communities, Inc.*, does not support Hasychak's claim. The court in that decision explicitly stated that it did "not decide" the issue of "whether a zoning appeal is the appropriate proceeding in which to litigate the propriety of or claimed noncompliance with a judgment of the trial court in a prior zoning appeal . . . ." Id., 248 n.17.

Thus, we did not engage in the necessary statutory interpretation of § 8-6, which, in the present case, we find to be dispositive of the jurisdictional issue. Nevertheless, *AvalonBay Communities, Inc.*, is instructive insofar as we held in that case that trial courts have continuing jurisdiction pursuant to their inherent powers to effectuate prior judgments. Id., 239. On the basis of that holding, it is likely that trial courts have concurrent jurisdiction with the board when there is a claim, as in the present case, that a zoning enforcement officer has made a decision that is not in accord with a judgment of the court. We need not decide that issue or its procedural implications, however, because such a determination is not essential to our holding inasmuch as Watstein followed the traditional route of appealing to the board from the zoning enforcement officer's decision.

Hasychak's final claim is that, notwithstanding § 8-6 (a), the trial court should be the sole arbiter of the meaning of the stipulated judgment because it would be inequitable to permit the board, which is a party and signatory to the stipulation, to exercise such power. This claim appears to be premised on the presumption that the board, having previously reversed the zoning enforcement officer's decision to issue the certificate of zoning compliance to Hasychak, would be prejudiced against Hasychak in interpreting the stipulated judgment. We decline to make such a presumption in light of the fact that it is common practice for a court to reverse a decision of an administrative body and then to remand the matter back to the administrative body for further proceedings. Moreover, "[w]e presume that administrative board members acting in an adjudicative capacity are not biased." *Simko* v. *Ervin*, 234 Conn. 498, 508, 661 A.2d 1018 (1995). Finally, we find Hasychak's concerns of inequity to be unfounded given that the decisions of the board are subject to review by the

Superior Court, thereby ensuring that the board's decisions are not the product of an abuse of power. In light of the foregoing, and the fact that this equity based claim does not implicate the subject matter jurisdiction of the board, we conclude that Hasychak's claim has no merit.

We next turn to Hasychak's appeal. In his appeal, Hasychak claims that, because the trial court determined that the board lacked jurisdiction over Watstein's administrative appeal, the trial court should have sustained Hasychak's appeal rather than dismissing it. Because we conclude that the trial court incorrectly determined that the board had no jurisdiction over Watstein's administrative appeal, there is no basis for Hasychak's claim.

The judgment is reversed and the case is remanded for further proceedings[10] according to law.

In this opinion the other justices concurred.

---

[10] See footnote 7 of this opinion.