NANCY M. BISHOP *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF GUILFORD ET AL.

PLANNING AND ZONING COMMISSION OF THE
TOWN OF GUILFORD ET AL. *v.* ZONING
BOARD OF APPEALS OF THE TOWN
OF GUILFORD ET AL.
(AC 25827)

DiPentima, Gruendel and West, Js.

Argued September 15—officially released December 13, 2005

*Thomas E. Crosby,* for the appellant (defendant in both cases Louis J. Guerrera).

*Jeffrey T. Beatty,* for the appellee (plaintiff in the first case).

*Priscilla C. Mulvaney,* with whom, on the brief, was *John K. Knott, Jr.,* for the appellees (plaintiffs in the second case).

*Opinion*

DiPENTIMA, J. In this consolidated appeal, the defendant Louis J. Guerrera[1] appeals from the judgments of the trial court sustaining the appeal of the plaintiff Nancy M. Bishop from the decision of the zoning board of appeals of the town of Guilford (board) reversing the decision by the zoning enforcement officer to issue to her a certificate of zoning compliance and building permit to construct a house on her property.[2] The defendant contends that the board properly decided that Bishop's lot was erroneously approved as a building lot. Because we conclude that the doctrine of collateral estoppel precludes our review of the defendant's claim,[3] we affirm the judgments of the trial court.

This appeal arises from a dispute over the use of a lot at 64 Trolley Road, located in an R-2 residential zone, in Guilford. The lot was part of a subdivision approved by the planning and zoning commission of the town of Guilford (commission) in 1991. In 1997, Bishop purchased the lot from the defendant. After Bishop acquired the property, she sought to renovate

---

[1] Also named as defendants in the trail court were the zoning board of appeals of the town of Guilford and Janice G. Teft, the Guilford town clerk. Only Guerrera has appealed, and we therefore refer to him in this opinion as the defendant.

[2] Additional plaintiffs in this consolidated action were the planning and zoning commission of the town of Guilford and Regina J. Reid, zoning enforcement officer of the town of Guilford. Those plaintiffs submitted a separate brief and appendix adopting Bishop's brief, and further claimed that the court improperly concluded that Reid had no right of appeal from the adverse decision of the board. Those plaintiffs did not file a cross appeal pursuant to Practice Book § 61-8, and, therefore, we do not consider their claim.

[3] In addition to arguing that the court improperly applied the collateral estoppel doctrine, the defendant also argues that the court improperly reversed the decision of the board (1) by substituting its judgment for that of the board and (2) because the grounds for the board's decision were supported reasonably by the record. Because those issues rest on the factual claim that is subject to collateral estoppel, we do not reach them.

the house by demolishing the existing structure and rebuilding a house in compliance with all zoning requirements. In July, 2001, Bishop filed the requisite application for a coastal site plan review, pursuant to General Statutes §§ 22a-90 through 22a-112.

In December, 2001, after a series of public hearings, the commission approved Bishop's coastal site plan application. The defendant, who owns and resides on the property across the street at 51 Trolley Road, appealed from the commission's decision to the Superior Court, alleging in part that the site plan failed to comply with zoning regulations because the lot at 64 Trolley Road was nonconforming. *Guerrera* v. *Planning & Zoning Commission*, Superior Court, judicial district of New Haven, Docket No. CV-02-0459541-S (January 14, 2003).

In its memorandum of decision, the court in *Guerrera* dismissed the defendant's appeal, stating that "[the defendant] argues that the approved subdivision lot he conveyed to . . . Bishop is a nonconforming lot and that the site plan submitted fails to comply with Guilford's zoning regulations. The site plan map . . . contains zoning information, applicable to an R-2 zone. [The defendant] maintains that the lot area is less than the 10,000 square feet required in an R-2 zone and that it is therefore nonconforming. He argues that the lot is subject to vehicular easements totaling 1888 square feet, thus reducing the lot area to 8123 square feet, pursuant to § 273-2B of the Guilford zoning regulations. This argument is not persuasive."[4] (Citation omitted.)

---

[4] The court continued: "The Guilford zoning regulations do not require a variance in order for a lot owner to build upon a [nonconforming] lot which fails to comply with area requirements. The application as presented . . . requires no frontage, sideline or setback variances, and the proposed structure meets the height requirements (thirty-five feet) applicable in an R-2 zone. No provision of the zoning regulations requires a reduction, for purposes of lot coverage, of vehicular easements or other rights-of-way. Without the reduction, lot coverage is less than the 15 percent maximum allowable in an R-2 zone . . . . Since lot coverage requirements impact the density of

The defendant then filed with this court a petition for certification to appeal, which was denied on March 19, 2003.

During the pendency of the *Guerrera* case, Bishop filed an application for a building permit and certificate of zoning compliance, a requirement for construction. The zoning enforcement officer noted that the application previously had been granted commission approval, subject only to the proper installation of erosion and sedimentation controls as shown on the previously submitted plan. On December 26, 2002, the zoning enforcement officer issued the building permit and certificate of zoning compliance.

On January 13, 2003, the defendant appealed to the board from the issuance of the certificate of zoning compliance, alleging again that Bishop's lot was less than the 10,000 square feet required for an approved building lot due to vehicular easements on the property. The board conducted hearings and rendered its decision on March 26, 2003, ruling that the zoning enforcement officer's issuance of the certificate was contrary to the zoning regulations because the lot did not conform to the size requirements for a building lot. On the basis of that determination, the board, on April 3, 2003, sustained the defendant's appeal.[5]

Bishop then appealed from the board's decision to the Superior Court, as did the commission and the zoning enforcement officer, and the appeals were consolidated for trial. The court concluded that the board's finding was "in direct contravention of a finding by the [com-

any development, [to include] areas covered by rights-of-way in the 'area of the lot' calculation seems appropriate." (Citations omitted.)

[5] In its final ruling, the board reported that its decision "is based on the fact that [it] believe[d] 64 Trolley Road was erroneously approved as a building lot. The [b]oard does not believe this structure should be expanded. Proper procedure was not followed when the effect of easements were not considered as part of the calculation of lot size."

mission] and by the Superior Court that the lot size and proposed structure are in compliance with the Guilford zoning regulations. There is nothing in the record to suggest, nor do the parties before the court contend, that any change in lot size, proposed coverage or site plan had occurred between the decision in [*Guerrera*] and the defendant's appeal to the [board] in this case." The court concluded that the board improperly addressed whether the lot should have been approved as a building lot in overturning the zoning enforcement officer's issuance of the building permit and certificate of zoning compliance. The court also noted that the defendant was collaterally estopped from raising the lot size and lot coverage issue because it had been actually and necessarily decided in *Guerrera*.

"Whether the court properly applied the doctrine of collateral estoppel is a question of law for which our review is plenary." (Internal quotation marks omitted.) *Bouchard* v. *Sundberg*, 80 Conn. App. 180, 187, 834 A.2d 744 (2003). "The fundamental principles underlying the doctrine of collateral estoppel are well established. The common-law doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality. . . . Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. . . . Issue preclusion arises when an issue is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment. . . . Thus, the issue must have been fully and fairly litigated in the first action. . . . Collateral estoppel express[es] no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." (Citations omitted; internal quotation marks omitted.) *Glad-*

*ysz* v. *Planning & Zoning Commission,* 256 Conn. 249, 260, 773 A.2d 300 (2001).

"An issue is *actually litigated* if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . 1 Restatement (Second), Judgments § 27, comment (d) (1982). An issue is *necessarily determined* if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . . If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action." (Emphasis in original; internal quotation marks omitted.) *R & R Pool & Patio, Inc.* v. *Zoning Board of Appeals,* 257 Conn. 456, 466, 778 A.2d 61 (2001).

To determine whether the doctrine of collateral estoppel applies in this case, therefore, we consider both whether the issue of lot size was fully and fairly litigated in *Guerrera,* and whether the determination of that issue was necessary to the *Guerrera* judgment.

In his appeal to the *Guerrera* court, the defendant alleged and argued that the lot was nonconforming. That court had before it a comprehensive return of record that it was obliged to review because the commission had failed to state reasons and findings for its decision on the site plan application. See *200 Associates, LLC* v. *Planning & Zoning Commission,* 83 Conn. App. 167, 177–78, 851 A.2d 1175, cert. denied, 271 Conn. 906, 859 A.2d 567 (2004). Specifically, the commission had failed to state whether it complied with the municipal zoning regulations, as required by General Statutes § 22a-106 (d).[6] The court reviewed the record and the

---

[6] General Statutes § 22a-106 (d) provides in relevant part: "A municipal board or commission approving, modifying, conditioning or denying a coastal site plan . . . shall state in writing the findings and reasons for its action."

applicable Guilford zoning regulations, and determined that substantial evidence existed to support the commission's decision to grant the application. Its determination included a thorough review of the defendant's claims in light of the regulations and evidence in the record. See footnote 3. Thus, we conclude that the issue of lot conformity was fully and fairly litigated in *Guerrera.*

In these consolidated appeals, the court found that *Guerrera* "actually and necessarily decided the issue of whether Bishop's lot met the 10,000 foot requirement. Without such a determination that the lot was a size required by the Guilford zoning regulations, that court would have sustained the defendant's appeal." We agree that the *Guerrera* judgment affirming the commission's site plan approval required a determination of lot conformity. Therefore, we conclude that the determination of the lot size was a necessary predicate to the judgment in *Guerrera.* Accordingly, the doctrine of collateral estoppel applies to bar our review of the lot conformity issue, from which all issues in the present appeal arise.

The judgments are affirmed.

In this opinion the other judges concurred.