JEANETTE CHARTOUNI *v.* JAMES DEJESUS
(AC 27972)

DiPentima, Harper and Stoughton, Js.

Argued February 6—officially released April 15, 2008

*Steven G. M. Biro,* for the appellant (plaintiff).

*Robert J. Cooney,* with whom, on the brief, was *Suzannah K. Nigro,* for the appellee (defendant).

*Opinion*

PER CURIAM. In this medical malpractice action, we review the trial court's denial of a motion to restore the case to the docket after dismissal and its subsequent denial of a motion to reargue. Because we conclude that the court did not abuse its discretion, we affirm the judgment of the trial court.

The plaintiff, Jeanette Chartouni, initiated this action against the defendant, James DeJesus, a podiatrist, in January, 2003, claiming injuries as a result of the defendant's treatment of her right big toe. On August 18, 2003, the court dismissed the action for failure to comply with a scheduling order. On October 28, 2003, the plaintiff filed a verified motion to restore the case to the docket, citing Practice Book § 17-43 and alleging mistake as the cause of the noncompliance. Approximately two and one-half years later, on April 10, 2006, the plaintiff filed an affidavit in support of her motion to restore and

thereby reclaimed the motion. On May 4, 2006, the defendant filed an objection to the plaintiff's motion to restore. Thereafter, on June 13, 2006, the court sustained the defendant's objection, stating: "Notwithstanding the unspecified periods of military service and illness of the plaintiff's counsel, there is no chronology that completely explains the two and one-half year delay in claiming the motion to restore other than a lack of due diligence . . . ." On July 3, 2006, the plaintiff filed a motion to reargue the motion to restore the case to the docket, along with a motion for oral argument and hearing to present testimony on the motion to reargue. The court denied the plaintiff's motions on August 7, 2006, stating: "It is not appropriate on a motion to reargue to present additional facts that could have been presented at the time of the original motion. See *Opoku* v. *Grant*, 63 Conn. App. 686, 692–93, 778 A.2d 981 (2001)." This appeal followed.

On appeal, in addition to claiming that the court improperly denied her motion to restore, the plaintiff also claims that the court improperly failed to consider clarifying information and authority in denying her motion to reargue. We are not persuaded by either claim.

A motion filed pursuant to Practice Book § 17-43 "is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, [the reviewing] court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Walton* v. *New Hartford*, 223 Conn. 155, 169–70, 612 A.2d 1153 (1992). The provision of Practice Book § 17-43 pertinent to this case required

the court to consider whether the plaintiff had been prevented by mistake, accident or other reasonable cause from prosecuting her case.

The record reveals that the plaintiff's motion to restore, while filed within three months of the dismissal, was not prosecuted until two and one-half years later. A careful review of the record reveals that this remarkable delay was not explained adequately. The court acted well within its discretion in finding that the plaintiff lacked due diligence in prosecuting her case. See *Skinner* v. *Doelger*, 99 Conn. App. 540, 546–51, 915 A.2d 314 (failure to prosecute case with due diligence constitutes sufficient reason for court to exercise discretion and dismiss case, notwithstanding that action might appear unnecessarily harsh), cert. denied, 282 Conn. 902, 919 A.2d 1037 (2007).

We also review under the abuse of discretion standard the plaintiff's argument that the court should have considered additional facts and authority in deciding her motion to reargue. *Opoku* v. *Grant*, supra, 63 Conn. App. 692–93. "[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . [A] motion to reargue . . . is not to be used as an opportunity to have a second bite of the apple or to present additional cases or briefs which could have been presented at the time of the original argument." (Citations omitted; internal quotation marks omitted.) Id. Here, as in *Opoku*, the plaintiff proffered no controlling authority or set of facts overlooked or misconstrued by the court in denying the motion to restore, instead offering only additional facts and authority available at the time of the original argument. Thus, the court properly relied

on *Opoku* and did not abuse its discretion when it denied the motion to reargue.

The judgment is affirmed.