WALGREEN EASTERN COMPANY, INC. *v.* ZONING
BOARD OF APPEALS OF THE TOWN
OF FAIRFIELD

WALGREEN EASTERN COMPANY, INC. *v.* TOWN
PLAN AND ZONING COMMISSION OF THE
TOWN OF FAIRFIELD
(AC 31497)

DiPentima, C. J., and Lavine and Peters, Js.

Argued April 26—officially released August 2, 2011

*John F. Fallon*, for the appellant (plaintiff).

*Richard H. Saxl*, for the appellees (defendants in each case).

*Joel Z. Green*, for the appellees (defendant Jeffrey Rowe et al. in both cases).

PETERS, J. This zoning appeal concerns the unsuccessful effort of a real estate lessee to open a pharmacy on property that previously had been used as a grocery store. Although the lessee planned to make only interior changes to the property, local zoning authorities refused to authorize the lessee's proposed change of use. The lessee challenges the validity of the procedural decision of the town zoning board of appeals that it was required to apply for a certificate of zoning compliance and the validity of the substantive decision of the town zoning commission that it was not entitled to such a certificate. We affirm the judgments of the trial court dismissing the lessee's appeals.

On July 23, 2007, the plaintiff, Walgreen Eastern Company, Inc., filed a complaint alleging that the defendant town plan and zoning commission of the town of Fairfield (zoning commission) improperly had denied the plaintiff's application for a certificate of zoning compliance.[1] In accordance with a motion filed by the plaintiff, this complaint was consolidated with the plaintiff's appeal from a prior adverse decision of the defendant zoning board of appeals of the town of Fairfield (zoning board) that the plaintiff was required to *apply* for a certificate of zoning compliance from the zoning commission. After an evidentiary hearing, the trial court,

[1] Jeffrey Rowe and Barbara Rowe, owners of neighboring property, and The Stratford Village Association were added as party defendants in both actions.

*Tobin, J.,* dismissed both appeals and denied the plaintiff's motion to reargue. The plaintiff has appealed.

The opinion of the court describes the underlying undisputed facts. The plaintiff is the lessee of premises located partially in a Fairfield Neighborhood Designed Business District and partially in a Fairfield Residence District A. The site, which includes a building and an adjacent parking lot, formerly was used as a supermarket. The plaintiff's proposed use of the site does not involve any additions or exterior alterations to the building or the site. Its status as lessee established its aggrievement to pursue both appeals.

I

The plaintiff's appeal from the zoning board challenges the validity of the board's decision that, because the plaintiff's proposed use of the leasehold represented a change in the use of the property, it was required to apply to the zoning commission for a certificate of zoning compliance. The court dismissed this appeal because of the plaintiff's failure to comply with General Statutes § 8-6 (a) (1). That statute empowers zoning boards of appeals to "hear and decide appeals where it is alleged that there is an error *in any order, requirement or decision made by the official charged with the enforcement* of . . . any . . . regulation adopted under the provisions of this chapter . . . ." (Emphasis added.) After an evidentiary hearing, the court found that the plaintiff had failed to establish, either in the record or by its evidence, that Fairfield's zoning enforcement officer had *made* any decision that could have been appealed to the zoning board. Accordingly, the court dismissed the plaintiff's appeal. The plaintiff's appeal to this court challenges the validity of this ruling.

The determination of whether the action of a zoning enforcement officer qualifies as a decision appealable

under § 8-6 depends on the particular facts and circumstances of each case. *Holt* v. *Zoning Board of Appeals*, 114 Conn. App. 13, 20, 968 A.2d 946 (2009). In this case, the plaintiff argues, in the alternative, that the record shows that the requisite decision was either (1) made inferentially by the designated zoning enforcement officer or (2) made expressly by Fairfield's zoning administrator acting as the zoning enforcement officer. We are not persuaded.

The plaintiff concedes that Peter Marsala, the designated zoning enforcement officer, did not expressly decide that the plaintiff was required to file an application for a certificate of zoning compliance. It represents, however, that the record shows that Marsala was present at the hearing of the plaintiff's appeal to the zoning board. Because, at that hearing, Marsala did not dispute the plaintiff's representation that it had been advised to file such an application, the plaintiff maintains that Marsala acquiesced in the advice that the plaintiff had received. We are not persuaded that it was clearly erroneous for the court to decline to draw any inference from Marsala's silence. If any common-law principle is applicable, it is that silence is not acceptance.

Alternatively, the plaintiff represents that James Wendt, Fairfield's zoning administrator, in fact was charged with the enforcement of the Fairfield zoning regulations and that his order directing the plaintiff to obtain a certificate of zoning compliance conferred jurisdiction on the zoning board to hear the plaintiff's appeal. We do not disagree, in principle, with the plaintiff's contention that appeals under § 8-6 may be taken from decisions made by someone other than the designated zoning enforcement officer, if that other person in fact exercised, and was authorized to exercise, the relevant authority. See R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (3d Ed. 2007) § 8:6, p. 222. The record in this case, however, contains no

such findings. We are not empowered to fill this evidentiary gap.

Accordingly, we conclude that, on the record before it, the court properly found that the plaintiff had failed to establish the requisite factual predicate for its appeal from the zoning board. We therefore affirm the court's dismissal of this appeal.

## II

The plaintiff's appeal from the zoning commission challenges the validity of its denial of the plaintiff's application for a certificate of zoning compliance. The court addressed and rejected the plaintiff's claims that its proposed use of the leased property (1) did not represent a change in the use of the property and (2) was a permitted use under § 12.5.1 of the Fairfield zoning regulations. Furthermore, the court found that the plaintiff had failed procedurally to pursue a prior motion to introduce evidence of an allegedly inconsistent prior administrative approval of a CVS pharmacy that also was located in a neighborhood design business district. Finally, the court denied the plaintiff's motion for reargument. The plaintiff asks us to overturn each of these adverse determinations. We are not persuaded to do so.

The underlying facts are undisputed. The plaintiff's application for a certificate of zoning compliance asked for approval of a change in the use of the site from "food market" to "pharmacy." The application noted that the plaintiff proposed no modifications to the site plan and only interior alterations to the building. After a public hearing, the zoning commission denied the plaintiff's application for three reasons:

"1. The proposed use does not comply with the purpose of the Neighborhood Designed Business District as outlined in Section 12.5 of the Regulations.

"2. The proposed use does not comply with Section 12.5.1 in that it is not a permitted retail use.

"3. The proposed use does not comply with Section 25.7.7 in that it is not of such a character as to harmonize with the neighborhood and to preserve and protect property values in the neighborhood."

Judicial assessment of the propriety of the zoning commission's decision is governed by a well established standard of review. "In reviewing a decision of a zoning board, a reviewing court is bound by the substantial evidence rule, according to which, [c]onclusions reached by [the board] must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the [board]. . . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the [board] supports the decision reached. . . . If a trial court finds that there is substantial evidence to support a zoning board's findings, it cannot substitute its judgment for that of the board. . . . If there is conflicting evidence in support of the zoning commission's stated rationale, the reviewing court . . . cannot substitute its judgment as to the weight of the evidence for that of the commission. . . . The agency's decision must be sustained if an examination of the record discloses evidence that supports any one of the reasons given." (Internal quotation marks omitted.) *Rural Water Co.* v. *Zoning Board of Appeals*, 287 Conn. 282, 294, 947 A.2d 944 (2008). When a zoning commission has issued "a formal, official, collective statement of reasons for [its] action[s]," the scope of our review is limited to determining "whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under

the zoning regulations." *Harris* v. *Zoning Commission,* 259 Conn. 402, 420, 788 A.2d 1239 (2002).

The plaintiff's appeal from the court's dismissal of its appeal from the zoning commission's decision challenges the validity of the court's judgment upholding the commission's finding that the plaintiff's proposed use of its property as a pharmacy was not a permitted use under the applicable provisions of the Fairfield zoning regulations[2] governing neighborhood designed business districts. The plaintiff maintains that (1) the conversion of the leased property from its prior use as a grocery store to its contemplated use as a pharmacy was not a "change in use" for zoning purposes, (2) the record clearly establishes that the items it proposes to sell at the leased premises fall within the terms of the regulation, (3) the court's contrary holding is inconsistent with the zoning commission's prior approval of a CVS pharmacy in the same business district and (4) the court's decision is inconsistent with the decision of our Supreme Court in *Alvord Investment, LLC* v. *Zoning Board of Appeals,* 282 Conn. 393, 920 A.2d 1000 (2007). Our review of the court's careful and detailed analysis of these claims persuades us that the plaintiff cannot prevail on any of these contentions.

A

The court rejected the plaintiff's argument on the issue of "change in use" on procedural grounds. That

[2] The decision of the zoning commission referred to two sections of the Fairfield zoning regulations. Section 12.5 of the Fairfield zoning regulations, entitled "Neighborhood Designed Business District," provides: "The purpose of this district is to provide local neighborhoods with needed and desirable convenience goods and services in a manner which will not be detrimental to the surrounding residential areas. The uses permitted in this zone shall be limited to those which primarily serve the local neighborhood and are consistent with the purpose for which this district was designed." Section 12.5.1 of the Fairfield zoning regulations, entitled "Permitted Uses in the Neighborhood Designed Business District," provides: "Retail uses limited to: antiques, art supplies, books, clothing, drugs, dry goods, flowers, furniture, interior decorating, garden and farm supplies, gifts, groceries, fruits, vegeta-

issue was implicated in the decision of the zoning board when it held that, because of the differences between the operation of a grocery store and a pharmacy, the plaintiff was required to apply for a certificate of compliance from the zoning commission. Having upheld the decision of the zoning board, the court held that the plaintiff was not entitled to revisit the issue of "change of use" in its appeal from the decision of the zoning commission. We agree.

## B

At the hearing before the zoning commission and at trial, the plaintiff emphasized that the uses expressly permitted by § 12.5.1 of the zoning regulations include both drugs and gifts, and that the gifts category would authorize its proposed sale of items, such as electronics, that were not otherwise specified in the regulation. Furthermore, the plaintiff represented that only 5 percent of its contemplated revenues and only 4.9 percent of its linear shelf space would reflect the sale of products not listed in the regulation. We agree with the court that these factual representations do not establish that the zoning commission's decision was unreasonable, arbitrary or illegal.

## C

The court also disagreed with the plaintiff's argument that prior zoning commission approval of a CVS pharmacy in the plaintiff's zoning district required the commission to approve the plaintiff's request for permission to utilize its property for the same purpose. The court held that the plaintiff had failed to establish the necessary procedural underpinnings for this contention. We agree with the court.

bles, meats, sandwiches, hardware, shoe repair, stationery, periodicals and toilet articles, pets and related supplies."

The court noted that the record of the zoning commission proceedings in this case did not contain any materials relating to the CVS pharmacy approval. Furthermore, it observed that the plaintiff had failed to pursue a similar earlier motion that it had filed, pursuant to General Statutes § 8-8 (k), to supplement the record in the zoning appeal. Although that motion had been denied by the court, *Radcliffe, J.*, the denial had been "[without] prejudice to the right to review if consolidated with [the zoning commission] appeal." The court found that (1) no parallel motion had been filed in the plaintiff's appeal from the decision of the zoning commission and (2) the matter had not been raised again by the plaintiff after the two appeals were consolidated, on its own motion, on June 10, 2008.

The plaintiff has not challenged the accuracy of the court's description of the existing state of the record. It has not suggested that it was procedurally foreclosed from filing a further motion to supplement the record. The conclusion is therefore inescapable that the plaintiff failed to establish the evidentiary foundation for the CVS pharmacy comparison on which its argument relied.

## D

The plaintiff's alternate contention, based on the decision of our Supreme Court in *Alvord Investment, LLC* v. *Zoning Board of Appeals*, supra, 282 Conn. 393, is that the zoning commission was required to approve its application because, as a matter of law, the plaintiff's contemplated sales of items that were not expressly authorized by § 12.5.1 of the regulations represented legitimate accessory uses of the plaintiff's property. We agree with the court that *Alvord Investment, LLC*, does not control this case.

In *Alvord Investment, LLC*, our Supreme Court upheld the decision of a zoning enforcement officer

that a supermarket containing a bakery, a pharmacy and a bank properly could be classified as " 'Food Shops, Retail,' " a permitted use of the property. Id., 417. The plaintiffs presented evidence that over 90 percent of the proposed development would be dedicated to the intended main use of the facility as a retail food shop and that less than 7 percent of the store would be devoted to "certain accessory uses . . . that are customarily incidental to the main use." (Internal quotation marks omitted.) Id. The court noted that the applicable Stamford zoning regulations did not define " 'Food Shops, Retail.' " Id. It further observed that the zoning enforcement officer's ruling was supported by evidence of a pattern of past practice interpreting " 'Food Shops Retail.' " Id., 418.

The court appropriately distinguished *Alvord Investment, LLC*, on two grounds. First, instead of the regulatory vacuum that our Supreme Court noted in *Alvord Investment, LLC*, in this case, Fairfield's zoning regulations comprehensively regulate designed business districts, such as the district in which the plaintiff's leasehold is located. These regulations do not authorize any accessory or incidental uses. Second, the court held that, in the absence of evidence in the record of a prior inconsistent zoning commission ruling, the plaintiff had failed to document a pattern of past practice similar to that on which the Supreme Court based its relief in *Alvord Investment, LLC*.

The plaintiff has not challenged the accuracy of the court's analysis of the applicable Fairfield zoning regulations. It has not disputed the court's finding about the state of the record before the zoning commission. Furthermore, even if we were to disagree with that finding, which we do not, it is questionable whether a single facially inconsistent decision by the zoning commission would have sufficed to establish a "pattern of practice." It is clear, therefore, that the plaintiff has

offered no persuasive support for its contention that the court improperly failed to follow our Supreme Court's holding in *Alvord Investment, LLC.*

## III

The plaintiff's final argument is that the court improperly denied its motion to reargue in which it sought a further opportunity to establish that the decision of the zoning commission in this case was inconsistent with the commission's prior approval of a CVS pharmacy in the same business district as that in which the plaintiff's property is located. The plaintiff proposed that the file before the zoning commission be supplemented by documents from the zoning commission's files regarding the CVS pharmacy application, including the notice of its decision granting the approval and the notice of its filing on the Fairfield land records. In addition, the plaintiff sought permission to offer additional legal authority in support of its contention that the zoning commission should reconsider its adverse decision in light of the information and evidence pertaining to the prior CVS pharmacy approval. The motion was opposed by the zoning board and the zoning commission.

"[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . [A] motion to reargue . . . is not to be used as an opportunity to have a second bite of the apple or to present additional cases or briefs which could have been presented at the time of the original argument." (Internal quotation marks omitted.) *Chartouni* v. *DeJesus*, 107 Conn. App. 127, 129, 944 A.2d 393, cert. denied, 288 Conn. 902, 952 A.2d 809 (2008). Our review of the denial of a motion to reargue is limited to ascertaining whether the court's decision was an abuse of its discretion. *Valentine* v. *LaBow*, 95

Conn. App. 436, 451, 897 A.2d 624, cert. denied, 280 Conn. 933, 909 A.2d 963 (2006).

In its memorandum of decision denying the plaintiff's motion, the court reiterated its finding that the plaintiff had failed to avail itself of the procedural opportunity for supplementing the record that Judge Radcliffe had left open at the conclusion of the plaintiff's zoning commission appeal. The court found that (1) no parallel motion had been filed in the plaintiff's appeal from the decision of the zoning commission and (2) the matter was not raised again by the plaintiff after the two appeals were consolidated, on its own motion, on June 10, 2008.

The plaintiff's appeal to this court does not challenge the accuracy of this procedural history. It maintains instead that Judge Radcliffe's order was self-executing once the plaintiff's two appeals were consolidated. The plaintiff cites no authority in support of this argument, and we know of none.

We note, moreover, that the court's denial of the motion to reargue was based on persuasive substantive as well as procedural grounds. The court observed that, although the plaintiff's brief in support of its appeals from the zoning board and the zoning commission had referred to the zoning commission's prior *approval* of the CVS pharmacy application, the brief was essentially conclusory in its argument. As far as the present record shows, in its statements before the zoning commission and before the court, the plaintiff repeatedly cited the *action* taken on the CVS pharmacy application without presenting a *factual* comparison between the merchandise for sale at the approved CVS pharmacy and the merchandise that the plaintiff proposed to sell at its place of business.

The plaintiff's appeal to this court does not address the trial court's serious procedural and substantive

grounds for denying it the relief it seeks. To this day, it has not offered even a cursory description of the nature of the business conducted by the CVS pharmacy that the zoning commission had earlier approved. Instead, the plaintiff faults the trial court for failing to undertake an "equitable disposition of this appeal and the proper resolution of an issue regarding constitutional questions involving selective enforcement and equal protection." Constitutional principles cannot, by themselves, fill the factual gaps in the plaintiff's case.

On the record before us, we conclude that the trial court properly dismissed both of the plaintiff's appeals. As comprehensively documented in the careful opinion of the court, in each appeal, the plaintiff failed to establish a factual predicate for its principal argument. In the appeal from the zoning board, the plaintiff failed to present a definitive ruling by the zoning enforcement officer. In the appeal from the zoning commission, the plaintiff failed to present probative evidence of an inconsistent pattern of Fairfield zoning approvals.

The judgments are affirmed.

In this opinion the other judges concurred.