******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROSEMARIE REARDON ET AL. *v.* ZONING BOARD OF
APPEALS OF THE TOWN OF DARIEN
(SC 19069)

Palmer, Zarella, McDonald, Espinosa and Gruendel, Js.

*Argued December 9, 2013—officially released April 8, 2014*

*Alan H. Kaufman*, pro hac vice, with whom, on the brief, were *Allan B. Taylor* and *Erick M. Sandler*, for the appellant (named plaintiff).

*John J. Louizos*, with whom, on the brief, were *John Wayne Fox* and *Patricia M. Gaug*, for the appellee (defendant).

*James R. Fogarty*, for the appellees (intervening defendants).

*Opinion*

McDONALD, J. The central issue in this appeal is whether a property owner's letter to town officials challenging the legality of zoning and building permits previously issued to another property owner can give rise to a "decision," independent of the permit decisions, that is subject to administrative review under General Statutes §§ 8-6 (a) and 8-7. The plaintiff Rosemarie Reardon[1] appeals from the judgment of the trial court dismissing her appeal from the decision of the named defendant, the Zoning Board of Appeals of the Town of Darien (board).[2] The board dismissed the plaintiff's application to appeal for (1) lack of a timely appeal, and (2) lack of a "decision" from which an appeal could lie. On appeal to this court, the plaintiff contends that, irrespective of the fact that David J. Keating, the zoning enforcement officer for the town of Darien (town), did not respond to her letter complaining that permits had been illegally issued to her adjoining neighbor, Keating necessarily rendered a "decision" that could be appealed, either because he actually made a determination regarding the merit of the violations alleged in her letter that he declined to communicate or because town zoning regulations obligated him to respond to or act upon the illegality alleged in her letter. We disagree and, accordingly, affirm the judgment of the trial court.

The following undisputed facts and procedural history, as reflected in the trial court's memorandum of decision and the record, are relevant to our resolution of this appeal. The intervening defendants, James P. Eckert and Janeen P. Eckert (defendants), own residential property abutting Long Island Sound in Darien. On March 8, 2010, Keating granted the defendants' applications for two zoning permits, with conditions, that permitted them to renovate an existing dwelling, construct an addition thereto, and construct a separate garage. On March 10 and 18, 2010, a town building inspector issued building permits to the defendants for this construction. On March 25, 2010, notice of the issuance of the zoning permits and corresponding building permits appeared in the Darien News, a local newspaper, and the defendants began construction thereafter.

The plaintiff is the owner of property that is adjacent to a portion of the defendants' property. On September 29, 2010, more than six months after notice of the permits' issuance was published in the local newspaper, an attorney for the plaintiff and the plaintiff's husband, Scott Reardon, sent a letter on their behalf to Jeremy B. Ginsburg, the director of planning and zoning for the town, and Charles A. Saverine, an official in the town building department. The letter asserted that the permits issued to the defendants were null and void because they had been issued in violation of the Coastal Management Act (act), General Statutes § 22a-90 et seq., and related Town of Darien Zoning Regulations (regula-

tions). Specifically, the letter contended that inaccurate and incomplete information in the defendants' applications had misled the town officials to conclude that the environmentally defective construction project fell within an exemption to coastal site plan review required under the act and regulations. Attached to the letter was a report from a civil engineering firm identifying purported adverse impacts on the environment generally, and the plaintiff's property specifically, due to the construction for which the permits had been issued. The letter acknowledged that the permits had been issued in March, 2010, but asserted that the plaintiff "did not learn the extent of what was approved, or what was contemplated, until July [2010]." The plaintiff received no response to that letter.[3]

On or about November 10, 2010, the plaintiff submitted an application to the board for an "[a]ppeal of a decision, order, requirement or determination of the [z]oning [e]nforcement [o]fficer . . . ."[4] In her subsequently filed statement of purpose and explanation, the plaintiff contended that the "core issue" was whether a zoning enforcement officer was required to take remedial action when "confronted with documented evidence that a coastal site plan review exemption has been granted but was based on inaccurate and incomplete submissions . . . ." (Footnote omitted.) In public hearings before the board, the timeliness of the plaintiff's application was discussed at length in light of the fact that it did not describe the date of a decision by Keating. It was in connection with these discussions that the plaintiff contended that Keating's failure to act upon, or respond to, the letter constituted a decision for purposes of appeal under General Statutes §§ 8-6 (a) and 8-7, and § 1126 (a) of the regulations. In addition, the plaintiff relied on testimony elicited from Keating at hearings before the board acknowledging that he had seen the letter, that he had discussed it with Ginsburg, and that he had indicated to Ginsburg that it lacked any merit because the permits had not been issued in violation of any statutes or regulations. Keating did not elaborate on the basis for this conclusion and contended that he had merely given Ginsburg his opinion and "did not make a decision." On March 2, 2011, the board unanimously voted to deny the application on the grounds that "the appeal of the issuance of the project permits was beyond the time limit specified by [s]tate [s]tatute and the . . . [r]egulations"[5] and that "the appeal from the decision in whatever form . . . regarding the . . . letter, and/or [Keating's] failure to respond to such letter . . . is not an appealable event within the jurisdiction of the [board]."

The plaintiff appealed from the decision of the board to the Superior Court; see footnote 2 of this opinion; claiming, inter alia, that Keating's failure to respond to, or act upon, her letter constituted one or more decisions that are appealable under the statutes and regulations.

See General Statutes §§ 8-6 (a) and 8-7; Darien Zoning Regs., §§ 1101 (a) and 1126 (a). After a hearing, the court dismissed the appeal, concluding that "the record contains substantial evidence supporting the [board's] determination that [Keating] did not make a decision that could be appealed to the board . . . under . . . §§ 8-6 and 8-7."[6] This appeal followed.

On appeal, the plaintiff claims that it is contrary to this court's case law and public policy to conclude that Keating did not make a "decision" that was appealable to the board under General Statutes §§ 8-6 and 8-7 when Keating discussed with Ginsburg the lack of merit to her letter. She contends that the conclusion reached by Keating and Ginsburg that there was no violation of the laws cited in the letter constituted a decision under *Piquet* v. *Chester*, 306 Conn. 173, 186, 49 A.3d 977 (2012), because it was "a clear and definite interpretation of zoning regulations . . . ." The plaintiff further contends that allowing a town official to avoid administrative review of his or her actions by declining to respond to, or act upon, a letter alleging violations of the law would contravene this court's admonition in *Munroe* v. *Zoning Board of Appeals*, 261 Conn. 263, 271, 802 A.2d 55 (2002), that lack of notice of a decision renders the right of appeal under § 8-7 meaningless. The plaintiff also contends that § 1101 (a) of the regulations[7] both obligated Keating to abate the zoning violations detailed in her letter and provided the board with jurisdiction to review her challenges to the illegally issued permits without being restricted by the time limitations to appeal under § 8-7 and as set forth in § 1126 (a) of the regulations. See footnote 5 of this opinion. We disagree.

We begin with the standard of review. We agree with the board that a reviewing court is bound to apply a deferential standard under which "[t]he agency's decision must be sustained if an examination of the record discloses evidence that supports any one of the reasons given." (Internal quotation marks omitted.) *Walgreen Eastern Co.* v. *Zoning Board of Appeals*, 130 Conn. App. 422, 428, 24 A.3d 27, cert. denied, 302 Conn. 930, 28 A.3d 346 (2011). For the reasons set forth later in this opinion, however, the resolution of this appeal does not turn on the factual significance of any particular action or omission by Keating; cf. id., 426; but on the legal characteristics of a "decision" as that term is used in § 8-6 (a) and related regulations and as applied to the facts read in the light most favorable to sustaining the board's decision. Accordingly, this appeal presents a question of law, over which our review is plenary. *Zimnoch* v. *Planning & Zoning Commission*, 302 Conn. 535, 547–48, 29 A.3d 898 (2011). In conducting this review, we are mindful that "zoning regulations are local legislative enactments . . . and, therefore, their interpretation is governed by the same principles that apply to the construction of statutes." (Internal quotation marks omitted.) Id., 548; see id., 548 n.10 (setting

forth well settled rules of statutory construction).

Section 8-6 (a) (1) provides the right to appeal to the board "where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of [zoning laws] or any bylaw, ordinance or regulation adopted [thereunder] . . . ." The failure of a zoning official to bring a zoning enforcement action is not an order, requirement or decision appealable to the board. See *Greenfield* v. *Reynolds*, 122 Conn. App. 465, 472–73, 1 A.3d 125, cert. denied, 298 Conn. 922, 4 A.3d 1226 (2010). Enforcement of zoning regulations is, as a general matter, a discretionary, as opposed to ministerial, duty.[8] Id.; see also *Bonington* v. *Westport*, 297 Conn. 297, 311, 999 A.2d 700 (2010) (concluding enforcement of zoning regulations constituted discretionary act); *Bonington* v. *Westport*, supra, 309 (noting "even when the duty to respond to a violation of law is ministerial because that specific response is mandated, the predicate act—determining whether a violation of law exists—generally is deemed to be a discretionary act" [emphasis omitted]).

Even when there is a written communication from a zoning official relating to the construction or application of zoning laws, the question of whether a "decision" has been rendered for purposes of appeal turns on whether the communication has a legal effect or consequence. Compare *Piquet* v. *Chester*, supra, 306 Conn. 186 ("when a landowner obtains a clear and definite interpretation of zoning regulations applicable to the landowner's current use of his or her property, the landowner properly may appeal that interpretation to the local zoning board of appeals") and *Koepke* v. *Zoning Board of Appeals*, 230 Conn. 452, 457, 645 A.2d 983 (1994) (holding zoning permit constituted appealable decision because it "constituted the necessary legal authorization for the plaintiff's construction"), with *Holt* v. *Zoning Board of Appeals*, 114 Conn. App. 13, 27, 29, 968 A.2d 946 (2009) (holding letter sent to landowner that consisted of preliminary, advisory opinion on hypothetical situation did not constitute appealable decision because it did not have binding effect); cf. *Sheridan* v. *Planning Board*, 159 Conn. 1, 9, 266 A.2d 396 (1969) (holding no appeal lies from planning board unless its action is "binding without further action by a zoning commission or other municipal agency"). The obvious examples of such appealable decisions would be the granting or denying of building permits and the issuance of certificates of zoning compliance. See, e.g., *Wnuk* v. *Zoning Board of Appeals*, 225 Conn. 691, 626 A.2d 698 (1993); *Bishop* v. *Zoning Board of Appeals*, 92 Conn. App. 600, 886 A.2d 470 (2005), cert. denied, 277 Conn. 906, 894 A.2d 986 (2006); *Sciortino* v. *Zoning Board of Appeals*, 87 Conn. App. 143, 866 A.2d 645 (2005). This interpretation is consistent with the terms used in relation to "decision" under §§ 8-6 and 8-7—"order" and "requirement"—which similarly import legal effect or

consequence. See General Statutes §§ 8-6 (a) (1) and 8-7 (addressing appeals from "order, requirement or decision").

When a person seeks to challenge an order, requirement or decision previously rendered, other relevant considerations come into play. First, "[a] statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created"; (internal quotation marks omitted) *Bridgeport Bowl-O-Rama, Inc.* v. *Zoning Board of Appeals*, 195 Conn. 276, 283, 487 A.2d 559 (1985); including the time periods prescribed in which to appeal. See footnote 5 of this opinion. Unless notice of the challenged matter is so deficient as to prevent a meaningful opportunity to appeal, exhaustion of an administrative remedy of appeal is mandatory. See *Munroe* v. *Zoning Board of Appeals*, supra, 261 Conn. 270–72; see also *Piquet* v. *Chester*, supra, 306 Conn. 179–80 (setting forth exhaustion principles). Thus, barring exceptional circumstances implicating the court's jurisdiction, "the general rule [is] that one may not institute a collateral action challenging the decision of a zoning authority. . . . [T]he rule requiring interested parties to challenge zoning decisions in a timely manner rest[s] in large part . . . on the need for stability in land use planning and the need for justified reliance by all interested parties— the interested property owner, any interested neighbors and the town—on the decisions of the zoning authorities." (Internal quotation marks omitted.) *Torrington* v. *Zoning Commission*, 261 Conn. 759, 767, 806 A.2d 1020 (2002); accord *Upjohn Co.* v. *Zoning Board of Appeals*, 224 Conn. 96, 102, 616 A.2d 793 (1992).

Applying these principles to the facts in the present case, the plaintiff's letter challenged the accuracy of the information submitted by the defendants in obtaining their zoning and building permits and the defendants' right to an exemption from coastal site plan review and other legal requirements before such permits could be granted. These claims could have been asserted in a timely appeal to the board from the decisions issuing the permits, and it is clear that the plaintiff's letter was nothing more than an impermissible collateral attack on the validity of the issuance of the permits. The plaintiff's legal interests were impaired, if at all, by the March, 2010 decisions to issue the zoning and building permits to the defendants. It was at this point that the purported illegality arose. Therefore, even if Keating had considered the merits of the plaintiff's letter, reached a conclusion thereon, *and* communicated the basis of that conclusion to the plaintiff, the effect would have been the same because Keating's actions would give rise to no further injury than that which existed, according to the plaintiff, by the issuance of the permits. Accordingly, Keating did not render a decision in response to the plaintiff's letter that could be appealed to the board under §§ 8-6 (a) and 8-7.[9] As

such, the board properly concluded that the plaintiff's letter challenging the permits was effectively an untimely appeal from the March, 2010 decisions.[10]

To conclude otherwise would undermine the principles previously articulated. Most importantly, a contrary rule would allow someone to readily circumvent appeal deadlines and create uncertainty in zoning decisions simply by complaining to a zoning official that certain facts or law had not been considered in rendering a previous decision. Moreover, the plaintiff's position would create a disincentive for zoning officials to consider the merits of citizen complaints, to discuss those merits, and to provide an explanation of the basis for their decisions to interested parties. The public interest is better served by allowing zoning enforcement officials to address questions or concerns from members of the public without fear that any such communication, regardless of whether it has a binding effect, might give rise to administrative proceedings.

To the extent that the plaintiff relies on § 1101 (a) of the regulations; see footnote 7 of this opinion; as an independent source of a legal right and remedy that is exempt from the mandatory time limitations for appeals to the board, we disagree. That regulation bars the approval of a permit for construction that would violate any laws and deems any such permit issued "null and void and of no effect without the necessity of any proceedings or revocation or nullification thereof . . . ." Darien Zoning Regs., art. XI, § 1101 (a). The plaintiff's contention is predicated on her view that § 1101 (a) mandated Keating to act upon the illegality alleged in her letter, thereby giving the board jurisdiction to hear her appeal when Keating failed to do so. We note that nothing in this regulatory provision, or logic for that matter, supports the plaintiff's apparent view that a *citizen's* determination that a permit was issued in contravention of the law would render such a permit void and obligate a town official to undertake remedial action. Indeed, the provision prohibits certain acts but does not expressly mandate that any actions be taken. When the provision is read in context with related regulations, a more reasonable intention is revealed. Article XI, § 1104 (c), of the Darien Zoning Regulations permits "proper [t]own authorities" to institute actions to enforce the regulations, and permits three aggrieved taxpayers to institute an action to remedy a zoning violation in any manner that a local officer, board or body of the town is authorized, ten days after a resident taxpayer has filed a written complaint. As such, § 1101 (a) simply makes clear, upon the institution of such an action, what the legal obligations and consequences will be should the action be decided in the proponent's favor. To construe this provision as the plaintiff contends would undermine the prescribed appeal period in the absence of a clearly expressed intent to do so and would leave property owners vulnerable to chal-

lenges to permits or compliance certificates for an indefinite period of time after issuance without adhering to the limits imposed under § 1104.

On the basis of our analysis of the general principles of our state's zoning law, we conclude that the plaintiff had a right to appeal only from the decisions issuing the zoning and building permits to the defendants in March, 2010. Keating's action or inaction with respect to the plaintiff's letter did not give rise to an independent "decision" from which an appeal to the board would lie. The plaintiff failed to timely appeal from the decisions issuing the permits and, therefore, the trial court properly dismissed the plaintiff's appeal.

The judgment is affirmed.

In this opinion the other justices concurred.

[1] Sunrise Trust, which purportedly co-owned 169 Long Neck Point Road in Darien with Rosemarie Reardon, and Scott Reardon, Rosemarie Reardon's husband, also were named as plaintiffs in the appeal to the Superior Court. Scott Reardon also was named as an applicant on the application to appeal filed with the board. The court concluded that neither were proper plaintiffs because Sunrise Trust was not a cognizable legal entity, and Scott Reardon was neither classically nor statutorily aggrieved in his capacity as a resident of 169 Long Neck Point Road. Those decisions were not challenged on appeal to this court. For convenience, we refer in this opinion to Rosemarie Reardon as the plaintiff.

[2] The owners of the property that is the subject of this appeal, James P. Eckert and Janeen P. Eckert, participated in the proceedings before the board, and the trial court, *Hon. A. William Mottolese*, judge trial referee, granted their motion to intervene as defendants in the plaintiff's appeal from the board's decision.

[3] The record reflects, however, that there had been an earlier exchange of communication between town officials and the plaintiff regarding the defendants' construction project. In a letter dated September 2, 2010, Ginsburg responded at length to a letter he had received from Scott Reardon, the plaintiff's husband. Ginsburg explained therein that Keating had recognized that the defendants' property is within the coastal area boundary and why Keating nonetheless had concluded that the proposed activity could be approved, with conditions, consistent with zoning and coastal management regulations. Notably, the plaintiff does not claim that this letter was a "decision" for purposes of appeal.

[4] The application also indicated that the plaintiff was seeking approval, under a section entitled "Other," of the "Affirmation of building [and] related permits per [General Statutes, c. 124, § 8-1] et seq." The trial court acknowledged this notation but did not analyze it as a separate basis for the plaintiff's appeal.

[5] General Statutes § 8-7 and § 1126 (a) of the regulations both require that an appeal from an order, requirement or decision be taken within thirty days from certain events—receipt or publication—but § 8-7 also addresses the possibility of actual or constructive notice commencing the thirty day period to appeal.

[6] The trial court cited, inter alia, the fact that the plaintiff had sent her letter to Ginsburg and Saverine, not Keating. In *Walgreen Eastern Co.* v. *Zoning Board of Appeals*, 130 Conn. App. 422, 24 A.3d 27, cert. denied, 302 Conn. 930, 28 A.3d 346 (2011), the Appellate Court suggested that such a fact might not be dispositive in every case. See id., 426 ("[w]e do not disagree, in principle, with the plaintiff's contention that appeals under § 8-6 may be taken from decisions made by someone other than the designated zoning enforcement officer, if that other person in fact exercised, and was authorized to exercise, the relevant authority"). In light of our conclusion that no appealable decision was rendered irrespective of how Keating's acts or omissions are characterized, we need not address whether the addressee of the plaintiff's letter would impact whether a decision had been made from which an appeal would lie.

We note that, in light of its conclusion, the trial court found it unnecessary to address the defendants' claim that the court should dismiss the appeal

because the plaintiff's application to the board was untimely, in that it had been filed more than thirty days after the date of the letter.

[7] Article XI, § 1101 (a), of the Darien Zoning Regulations provides in relevant part: "No board, agency, officer or employee of the [t]own shall issue, grant, or approve any permit . . . for any construction, reconstruction, [or] alteration . . . of any building, or for any use of land or building that would not be in full compliance with the provisions of these [r]egulations. Any such permit . . . issued, granted or approved in violation of the provisions of these [r]egulations shall be null and void and of no effect without the necessity of any proceedings or revocation or nullification thereof, and any work undertaken or use established pursuant to any permit . . . shall be unlawful, and no action shall be taken by any board, agency, officer or employee of the [t]own purporting to validate any such violation."

[8] One commentator suggests that, should an official have a mandatory duty to enforce the regulations in light of uncontroverted facts, a mandamus action, rather than appeal, would be the proper procedure. See R. Fuller, 9A Connecticut Practice Series: Land Use Law and Practice (3d Ed. 2007) § 39:1, p. 406 ("[i]f a public official or public agency had a duty to perform a particular act and fails in the discharge of that duty, a writ of mandamus is the proper remedy for compelling performance of the act").

[9] To the extent that the plaintiff argues that the board necessarily determined that a decision had been made by virtue of the express terms in its resolution, we disagree. The board's resolution stated in relevant part that it had denied "the appeal from *the decision in whatever form* . . . regarding the . . . letter, and/or [Keating's] failure to respond to such letter, on the grounds that it is not an appealable event within the jurisdiction of the [board]." (Emphasis added.) Any reasonable contextual reading makes it readily apparent that the board was using the term "decision" within its meaning in common parlance, not its jurisdictional meaning.

[10] To the extent that the plaintiff suggests in her reply brief to this court that she lacked proper notice of the permit approvals to effectuate her right of appeal because the permit applications lacked sufficient or accurate information and because publication in the Darien News did not satisfy the statutory notice requirements, we note the general rule that claims may not be advanced for the first time in a reply brief. See *Hasychak* v. *Zoning Board of Appeals*, 296 Conn. 434, 437 n.4, 994 A.2d 1270 (2010). Moreover, the plaintiff advanced these claims in the proceedings before the board and the trial court, as in her briefs to this court, in only the most tangential way. As such, the issue of notice was not addressed by the board or the trial court, and is not a proper subject of this appeal.